■    In the Matter of the Claim of MINNIE EPSTEIN, Respondent, against CORT WATCH COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits. Decedent, an employee of a watch company, went to Chicago in connection with the promotion and sale of his employer's products. He went from Chicago to Springfield, Illinois, to visit a night club and while returning to Chicago was killed in an automobile accident. His widow testified that he had telephoned her a few hours before his death and stated that he was at the night club and had an opportunity to advertise his company's watches in the course of an interview during a radio broadcast sponsored by the night club management. There was evidence that it was indeed customary on this particular program to interview patrons in the club and to permit any person

so interviewed to make at least passing reference to his business. A woman who accompanied decedent to the night club and who sustained injuries in the later automobile accident, testified that decedent went from Chicago to Springfield and to the club to solicit such an interview and was interviewed on the radio program and talked about his employer's product. There were some contradictions and inconsistencies in the evidence bearing on this subject but the board found that the radio interview and the advertisement of the product occurred. The weight and credibility of the evidence were for the board (*Matter of Zaepfel* v. *du Pont de Nemours & Co.*, 284 App. Div. 693, affd. 309 N. Y. 962; *Matter of Johnson* v. *Allegheny Ludlum Steel Corp.*, 4 A D 2d 729, motion for leave to appeal denied 3 N Y 2d 707) and we cannot say, on this record, that the evidence which the board chose to accept was incredible as a matter of law. If the board was warranted in finding that the visit to the night club was for the purposes of claimant's employment, it could properly find causal relationship in the accident which occurred on the return journey. (*Matter of Gibbs* v. *Macy & Co.*, 214 App. Div. 335, 336, affd. 242 N. Y. 551; *Matter of Schreiber* v. *Revlon Prods.*, 5 A D 2d 207.) Appellants contend, however, that the testimony of decedent's companion was "inadmissible and incompetent as a matter of law" because of her refusal to answer some of the questions propounded by appellants on cross-examination. She appeared voluntarily at the hearing, which was had in Illinois before a representative of the Industrial Commission of that State, and the attorney representing her in her personal injury action announced that she would testify only as to "matters arising out of and in the course of employment" of the decedent. She did, in fact, submit to cross-examination with respect to the facts of the alleged radio broadcast but declined to answer a number of questions relating to her own employment and personal history and the propriety of her relationship with decedent. Under the circumstances, we do not consider that the result was to deprive appellants of a fair trial. Other proof revealed certain of the contradictions, and would have warranted many of the inferences to which the cross-examination was, with cumulative effect, directed. In the situation of the examination of a voluntary witness, without the board's jurisdiction, the provision that the board shall not be bound by technical rules of evidence and procedure (Workmen's Compensation Law, § 118) is especially pertinent, provided no substantial right be violated. The opportunity to cross-examine must be given on a judicial or quasi-judicial hearing before an administrative tribunal (*Matter of Hecht* v. *Monaghan*, 307 N. Y. 461, 470) but not, necessarily, to more than "a reasonable extent" (*Matter of Greenebaum* v. *Bingham*, 201 N. Y. 343, 347; 1 Benjamin, Administrative Adjudication, p. 205). In the light of the record as a whole, appellants' rights were not unreasonably restricted. It may be noted that the evidence sought to be impeached was, in some part, already in the record as part of appellants' case, as the coroner, called by appellants, had testified that this same witness, immediately upon her discharge from the hospital, a week or 10 days after the accident, stated that decedent "was on the program" at the night club. Although hearsay, appellants may not now be heard to object to its competency. (*Hernon* v. *Holahan*, 182 App. Div. 126, 128; *Matter of Humphrey* v. *Tietjen & Steffin Milk Co.*, 235 App. Div. 470, affd. 261 N. Y. 549.) Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.