In the Matter of ARTHUR G. BAUMEISTER, an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, January 20, 1972.

*David E. Brennan* for petitioner.

*Arthur G. Baumeister*, respondent in person.

*Per Curiam.* Respondent was admitted to the Bar in this Department on November 14, 1950. The Bar Association of Erie

County filed a petition alleging professional misconduct by respondent in that in his practice of law he commingled clients' funds with his own and drew checks thereon to his personal use and credit, thereby misappropriating large amounts of his clients' funds, and failed to make restitution with respect to substantial amounts thereof, in violation of the Canons of Professional Ethics and the Penal Law of the State of New York.

Respondent defaulted in answering this petition, and the charges stand admitted. In connection with a hearing before a Referee appointed by this court with respect to charges against respondent, he appeared and expressly admitted the above charges as to which he had previously defaulted in answering. Prior to making such admission respondent requested that the hearing be adjourned until after the determination of criminal charges pending against him growing out of some of the matters involved herein, and he took exception to the ruling denying adjournment. The ruling was correct (see *Oleshko* v. *New York State Liq. Auth.*, 29 A D 2d 84, affd. 21 N Y 2d 778; and *Langemyr* v. *Campbell* 21 N Y 2d 796). On November 26, 1971 respondent was convicted on his plea of guilty in Erie County Court of the reduced charge of petit larceny, a Class A misdemeanor, and he was granted a conditional discharge on condition that he pay a complainant the sum of $4,000.

Respondent has previously been found guilty of professional misconduct on another charge and is under suspension (*Matter of Baumeister*, 33 A D 2d 224).

On the instant petition, we find respondent violated canons 11, 29 and 32 of the Canons of Professional Ethics and sections 155.25 and 155.35 of the Penal Law. The report of the Referee should be confirmed and the respondent should be disbarred.

DEL VECCHIO, J. P., MARSH, WITMER, GABRIELLI and HENRY, JJ., concur.

Order of disbarment entered.