■ In the Matter of KARUVATH ENU, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New

York, et al., Respondents. [617 NYS2d 960] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law former § 6510-a [4]) to review a determination of respondent Commissioner of Education which suspended petitioner's license to practice medicine in New York for two years.

On a prior appeal in this matter we annulled the determination of respondent Commissioner of Education and remitted the matter for further proceedings *(Matter of Enu v Sobol,* 171 AD2d 302). The purpose of the remittal was for clarification of the findings of respondent Board of Regents, as implemented by the Commissioner, since we considered the findings to be insufficient for adequate judicial review. Specifically, we noted that the opinion evidence of respondents' expert witness, Frederick Lane, who was a general surgeon but not a urologist, was credited over the testimony of petitioner's two experts, who were practicing urologists, without any stated findings or basis. We further directed the Board to apply the definition of gross negligence articulated in *Matter of Young-Myun Rho v Ambach* (74 NY2d 318, 322) to the facts of this matter.

The Board reviewed the entire matter upon our remittal and issued a report which accepted the Hearing Committee's original findings of fact, and set forth at length the Board's assessment of the expert testimony offered at the hearing, focusing on each expert witness's qualifications and credibility and expressing the Board's reasons for accepting the testimony of Lane over petitioner's witnesses. Petitioner was found guilty of gross negligence based upon the Board's application of the standard set forth in *Matter of Young-Myun Rho v Ambach (supra).* The Commissioner issued a second order which found petitioner guilty of gross negligence and imposed the original penalty of a two-year stayed suspension. Petitioner then commenced the instant CPLR article 78 proceeding for review.

Petitioner again urges that as a general surgeon, Lane is unqualified to testify that petitioner was grossly negligent in regard to petitioner's treatment of the patient involved, who had a kidney condition. We rejected this contention in our prior decision where we explained all that is required is that the testifying expert possess the requisite skill, training, education, knowledge and experience from which it can be assumed that the opinion rendered is reliable *(Matter of Enu v Sobol, supra,* at 304; *see, Matott v Ward,* 48 NY2d 455, 459).

There is no requirement that the expert be a specialist in the same field of medicine as the accused. This is especially true where the witness's specialty is closely related to that of the accused *(see, e.g., Fuller v Preis,* 35 NY2d 425, 431 [neurologist allowed to testify regarding treatment rendered in the specialty of psychiatry]). The fact that Lane is Chief of Surgery, Chief of the Quality Assessment Committee and Director of the Cancer Center at St. Vincent Hospital in Worcester, Massachusetts, together with his background and experience, supports the determination that he is qualified to render an opinion in this particular case.

We conclude also that the determination that petitioner was guilty of gross negligence should be confirmed. The determination of gross negligence by respondents under Education Law § 6509 (2) was based upon a preponderance of the evidence and is supported by substantial evidence in the record *(see, Matter of Carrera v Sobol,* 163 AD2d 706, 708, *affd* 77 NY2d 931).

Crew III, J. P., Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.