■ In the Matter of KENNETH B. GROSS, Petitioner, v BARBARA A. DE BUONO, as Commissioner of Health of the State of New York, Respondent. [636 NYS2d 147] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a physician specializing in internal medicine, neurology and psychiatry, was charged with a number of specifications of misconduct arising out of his care and treatment of patients A and B and his conduct toward a hospital CAT scan technician, technician D. Ultimately, a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Committee) found him guilty of practicing medicine with moral unfitness with respect to all three victims and practicing medicine fraudulently, and in a willfully harassing, abusing or intimidating manner with respect to patients A and B; the Committee revoked petitioner's license to practice medicine. Rather than appeal to the Administrative Review Board for Professional Medical Conduct (*see*, Public Health Law § 230-c [4] [a]), petitioner sought direct review of the Committee's determination by means of a CPLR article 78 proceeding initiated in this Court pursuant to Public Health Law § 230-c (5).

Initially, we reject the contention that there was not substantial evidence to support the Committee's determination (*see, Matter of Adler v Bureau of Professional Med. Conduct,* 211 AD2d 990). Patient A testified that, during the course of her January 17, 1994 appointment with petitioner, petitioner had her stand very close in front of him in a small examining room. With patient A so positioned, petitioner placed his hands on her shoulders and began to massage them. He then moved his hands downward, massaging her back and then her buttocks. At the same time, he pulled her body forward against his, and she could feel his erect penis against her lower abdo-

men. At one point, petitioner actually took patient A's hand in his and caused her to stroke his penis. Petitioner then had patient A recline on an examining table and, while checking her legs for sensation and reflexes, rubbed his penis back and forth against her arm. Finally, he fondled her breasts and rubbed her vaginal area. Patient A discussed the experience with work associates and family members the same day and reported the incident to the police the following day.

Patient B testified to a very similar experience during her August 12, 1992 appointment with petitioner. After apparently testing for sensation in patient B's legs, unnecessarily exposing her underwear in the process, petitioner had her stand facing him. With his body very close to hers, petitioner reached around and massaged patient B's shoulders, back and, finally, her buttocks, repeatedly asking her whether it felt "good". Then, with his hands on her buttocks, he slightly lowered his body, spread his legs and pulled her toward him. At that point, petitioner was so close that patient B thought he was going to kiss her. When patient B felt and then saw petitioner's erect penis against her leg, she pushed petitioner away and terminated the examination. Patient B reported the incident to a crisis hotline the same day and to the police a few days later.

Technician D testified that, on a Saturday between February and May 1991, petitioner came into her work area looking for the results of a patient's CAT scan. After checking her records, she advised petitioner that the scan had been performed and the film was in the file room. Despite the fact that petitioner had obtained films from the file room on many prior occasions, he simply sat straddling a chair and repeatedly stated that he did not understand. When technician D walked past petitioner to leave the room, he grabbed her, first by one wrist and then both, and pulled her toward him. Technician D testified that petitioner held her so close that her pelvis was pulled up against the chair and she thought he was going to kiss her.

We are not at all persuaded that the testimony of patients A and B was "inherently incredible", and we perceive no basis for disturbing the Committee's determination to credit their testimony and resolve questions of credibility against petitioner (*see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Adler v Bureau of Professional Med. Conduct, supra,* at 990-991; *Matter of Goomar v Ambach,* 136 AD2d 774, 777, *appeal dismissed* 72 NY2d 908, *lv denied* 73 NY2d 701). We further reject the contention that petitioner was denied a fair hearing. The Hearing Officer acted well within his discretion in limiting petitioner's cross-examination with regard to irrele-

vant matters such as the witnesses' marital status, sexual history, prior injuries and legal proceedings (*see*, State Administrative Procedure Act § 306 [1]; *Matter of Epstein v Cort Watch Co.*, 7 AD2d 663, 664, *lv denied* 5 NY2d 709), particularly in view of his counsel's demonstrated intent to harass and intimidate adverse witnesses.

Nor did the Hearing Officer err in precluding petitioner's expert witness from testifying as to petitioner's description of his examination of patients A and B. Having elected not to testify on his own behalf, thereby avoiding cross-examination, petitioner was properly prohibited from introducing his own self-serving statements through another witness. Finally, we perceive no error in the decision to conduct the administrative proceeding during the pendency of criminal charges arising out of the incidents involving patients A and B and in the denial of petitioner's request to reopen the proceedings so he could give testimony following the conclusion of the criminal actions (*see*, *Matter of Viloria v Sobol*, 152 AD2d 92, 95; *Matter of Baumeister*, 38 AD2d 139, 140; *Matter of Geary*, 80 Misc 2d 963, 964).

Petitioner's remaining arguments have been considered and found to be unpreserved or lacking in merit.

Mikoll, J. P., Casey, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.