■ In the Matter of HENRY V. CHACE, Petitioner, v BARBARA A. DeBuono, as Commissioner of Health of the State of New York, Respondent. [636 NYS2d 905] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Predicated upon his treatment of five patients (hereinafter patients A, B, C, D and E), the Bureau for Professional Medical Conduct (hereinafter BPMC) filed seven specifications of professional misconduct against petitioner, a 67-year-old licensed osteopath. Following an evidentiary hearing, the Hearing Committee for Professional Conduct (hereinafter the Committee) found petitioner guilty of practicing medicine with negligence on more than one occasion with respect to patients A, C and D and of failing to maintain medical records for each patient. The Committee placed petitioner on probation for three years subject to certain terms and conditions. The BPMC appealed to the Administrative Review Board (hereinafter ARB), which modified the Committee's determination by finding that petitioner was also guilty of negligence in treating patients B and E. The ARB also revoked petitioner's license. After the ARB's denial of petitioner's motion to reconsider, petitioner commenced this proceeding seeking a review of the ARB's determination.

Petitioner's principal argument for annulling the ARB's determination is that he was deprived of a fair and impartial hearing as a direct result of age-based discrimination and prejudice. To sustain this argument, petitioner must support his allegation of bias with evidentiary proof and must demonstrate that the outcome of the administrative proceeding flowed from the alleged bias (*see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833, 834; *Matter of Warder v Board of Regents,* 53 NY2d 186, 197, *cert denied* 454 US 1125; *Matter of Moss v Chassin,* 209 AD2d 889, 890, *lv denied* 85 NY2d 805, *cert denied* — US —, 116 S Ct 170). As evidence of bias, petitioner refers us to three questions directed to him by the Committee's Chairperson; to wit: how old are you, do you have any plans for retirement and do you plan to continue practicing?

Assuming, arguendo, that these questions should not have been posed, petitioner has not shown that the ARB's determination was predicated upon his age rather than an impartial assessment of the record. In any event, the record belies petitioner's argument. Significantly, the Committee made no mention of petitioner's age and noted that he "is capable of learning from his errors and is capable of rehabilitation", an observation that is at odds with petitioner's claim of age-related bias. Further, in denying petitioner's motion for reconsideration, the ARB stated that its determination was not based upon petitioner's age; rather, it was founded upon the Committee's finding that petitioner's "deviations from accepted medical standards were more than errors in judgment, but were instead intentional and negligent and that [petitioner] had no insight into his own practice deficiencies". This was not a post-hoc rationalization for its determination since the Committee's finding is supported by substantial evidence. Accordingly, we find that petitioner was not denied a fair hearing on account of age discrimination.

Lastly, given the unchallenged finding that petitioner wrote prescriptions for controlled substances without obtaining his patients' medical histories and without doing the minimally necessary physical examinations to enable him to properly diagnose and treat his patients, the penalty of revocation is not so incommensurate with the offense as to be shocking to one's sense of fairness (*see, Matter of Santasiero v Sobol*, 199 AD2d 835, 836, *lv denied* 83 NY2d 754; *Matter of Golan v Sobol*, 195 AD2d 634, 636, *lv denied* 82 NY2d 661).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.