■ In the Matter of ALBERT GOTTESMAN, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [645 NYS2d 609] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Following fact-finding hearings, a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Committee) sustained certain charges of professional misconduct by petitioner relating to patients designated A, C, D and G, and revoked petitioner's license to practice medicine. Petitioner appealed to respondent Administrative Review Board for Professional Medical Conduct (hereinafter the ARB), which sustained the Committee's determination and penalty. Petitioner then commenced this CPLR article 78 proceeding to annul the ARB's determination.

The relevant charges allege that petitioner performed a laparoscopy that was not indicated on patient A and sexually abused her during a vaginal examination; that petitioner failed to test patient C for diabetes during her pregnancy despite her

weight of 266 pounds; that petitioner improperly advised patient D to have a laparoscopy, requested her to sign a sterilization consent form without informing patient D that her signature on the form would authorize such a procedure, knowingly billed patient D's insurance company for a colposcopy and hysteroscopy which were never conducted, and performed three unnecessary ultrasounds; and that petitioner solicited $350 above the insurance reimbursement rate from patient G prior to the birth of her baby and threatened harm to the baby during circumcision if that amount was not paid.

Petitioner contends that the Committee's findings as to patients A, C, D and G were not supported by the record. Where, as here, the Committee's findings were reviewed by the ARB, the proper standard of review is whether the ARB's determination was arbitrary and capricious, affected by an error of law or an abuse of discretion (*see, Matter of Finelli v Chassin*, 206 AD2d 717, 718-719). The inquiry hinges on whether the administrative determination has a rational basis supported in fact (*see, Matter of Chua v Chassin*, 215 AD2d 953, 954-955, *lv denied* 86 NY2d 708). In making such inquiry we do not resolve credibility issues or weigh the testimony of expert witnesses, for those are issues solely within the province of the administrative factfinder (*see, Matter of Moss v Chassin*, 209 AD2d 889, 891, *lv denied* 85 NY2d 805, *cert denied* — US —, 116 S Ct 170).

The findings of misconduct with regard to patients A and D are consistent with the testimony of each patient and the corresponding testimony of respondents' expert, who also testified regarding petitioner's treatment of patient C. The findings of misconduct with regard to patient G are based on the testimony of the patient and her husband. Petitioner presents a number of arguments addressed to the accuracy of the witnesses' testimony, but the arguments involve issues of credibility and weight to be accorded the evidence, which were for the administrative factfinder to resolve (*see, Matter of Moss v Chassin, supra*). The record provides no basis for this Court to disturb the ARB's determination to sustain the Committee's factual findings. Accordingly, we will not discuss each charge in detail.

Petitioner also seeks to annul the determination on the basis of undue delay in commencing the administrative proceeding, and argues that he was denied due process by departmental rules which precluded him from submitting evidence at the hearing on the issue of prejudice caused by the delay. The latter argument is meritless, for this CPLR article 78 proceeding

provides petitioner with an adequate forum to establish prejudice (see, Matter of Gold v Chassin, 215 AD2d 18, 20-22, lv denied 87 NY2d 805). Petitioner contends that he was prejudiced by the delay because his office manager died and, therefore, was unavailable to testify in his behalf. It appears that the office manager's testimony would have been largely irrelevant as to many of the issues and cumulative of the testimony of petitioner's nurse on other issues. Petitioner faults respondents' investigators for failing to interview the office manager, but it appears that petitioner made no effort to preserve her testimony. We conclude that petitioner has not sustained his claim of prejudice (see, Matter of Moss v Chassin, supra, at 889-890).

We reject petitioner's claim that revocation of his license is an unduly harsh and excessive penalty. Considering the facts and circumstances surrounding petitioner's treatment of the subject patients, as found by the Committee, it cannot be said that the penalty is so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233). We have considered and rejected petitioner's remaining arguments.

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.