■ In the Matter of STANLEY BROWN, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [652 NYS2d 860] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In May 1995, the Office of Professional Medical Conduct filed three specifications of professional misconduct against petitioner, a licensed physician specializing in obstetrics and gynecology, stemming from his treatment of four patients (hereinafter patients A, B, C, D). Following an evidentiary hearing, a Hearing Committee on Professional Misconduct (hereinafter Committee) found petitioner guilty of practicing with negligence on more than one occasion in the treatment of patients A and C due to his failure to diagnose their ectopic pregnancies, practicing fraudulently and failing to keep accurate records with respect to patient A. The specifications involving patients B and D were not sustained. Based on these findings and the prior disciplinary action against petitioner, wherein he was found guilty of practicing with negligence on more than one occasion because of his failure to diagnose an ectopic pregnancy, his performance of an incomplete abortion and his failure to examine fetal tissue, the Committee revoked his license. Upon administrative appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) sustained the Committee's determinations, including its revocation of petitioner's license. This CPLR article 78 proceeding ensued.

Petitioner urges us to annul the ARB's determination on the ground that it is not supported by substantial evidence. This argument is flawed because the proper standard of review is whether the ARB's determination was arbitrary and capri-

cious, affected by an error of law or an abuse of discretion (*see, Matter of Lombardo v DeBuono*, 233 AD2d 789; *Matter of Gottesman v New York State Dept. of Health*, 229 AD2d 742, 743). Under this standard, our inquiry is whether the administrative determination has a rational basis supported by fact (*see, Matter of Chua v Chassin*, 215 AD2d 953, 954-955, *lv denied* 86 NY2d 708). In making this inquiry we will not decide credibility issues or weigh the testimony of expert witnesses, as these issues are solely within the province of the administrative fact finder (*see, Matter of Brigham v DeBuono*, 228 AD2d 870, 874, *lv denied* 89 NY2d 801).

The only finding petitioner extensively challenges in his brief is that of practicing with negligence on more than one occasion. His challenge is misdirected, however, for it merely goes to the weight of the evidence and the credibility of the witnesses, issues which are beyond our review. In any event, the testimony of patients A and C and their medical records, supplemented with the opinion of the Board's expert, provide ample support for the ARB's determination. This evidence establishes that both patients exhibited conditions that, had petitioner acted as a reasonably prudent physician, would have induced him to take steps to rule out their ectopic pregnancies as soon as possible. Instead, the record shows that he failed to proceed in such fashion. Accordingly, we reject petitioner's challenge to this aspect of the ARB's determination. We have examined the record pertaining to the ARB's other determinations of professional misconduct and find them fully supported.

Petitioner next argues that the revocation of his license is not justified. The standard by which we measure the propriety of a penalty imposed upon a physician is whether it is so incommensurate with the offense as to be shocking to one's sense of fairness (*see, Matter of Jean-Baptiste v Sobol*, 209 AD2d 823, 825). Considering the fact that the failure to promptly diagnose an ectopic pregnancy can have fatal consequences, and in view of petitioner's prior disciplinary record, we do not find revocation of petitioner's license to be a disproportionate penalty (*see, Matter of Nguyen v Commissioner of Educ.*, 212 AD2d 831, 832; *Matter of Matala v Board of Regents*, 183 AD2d 953, 956).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.