■ In the Matter of FIDEL R. RAMOS, Petitioner, v BARBARA DEBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [663 NYS2d 361] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a licensed physician who practiced general medicine, was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with, *inter alia*, conduct evincing the fraudulent practice of medicine, gross negligence, gross incompetence, incompetence and failure to maintain adequate records in connection with his care and treatment of 12 patients. A Hearing Committee of respondent State Board for Professional Medical Conduct sustained 37 specifications of misconduct and revoked petitioner's license to practice medicine in this State. The determination was based on findings that petitioner, *inter alia*, altered a patient's medical records and misled BPMC regarding said alteration, made false entries in a patient's record, failed to conduct and document physical examinations, failed to provide routine gynecological care, failed to perform adequate physical examinations, made improper diagnoses and rendered inadequate and inappropriate medical treatment. Petitioner initiated this CPLR article 78 proceeding in this Court to annul the determination of respondent Administrative Review Board for Professional Medical Conduct (hereinafter the ARB) which had, on administrative appeal, upheld the Hearing Committee's determination and penalty.

The record reveals that the investigation against petitioner arose from an interview with him conducted in 1995 by a physician employed by respondent Department of Health, in which petitioner made several incriminating statements which formed the basis for several of the charges of professional misconduct. Petitioner initially contends that his due process rights were violated inasmuch as he was not previously informed of his right to counsel at investigatory interviews. This Court, however, has already held that Public Health Law § 230 (10) (a) (iii) "in no way places the onus on the BPMC to

advise a physician of [his or her] right" to have counsel present during investigatory interviews (*Matter of Gupta v De Buono*, 229 AD2d 58, 62). Mindful of this authority, petitioner attempts to distinguish his situation by arguing that when the BPMC voluntarily assumed the duty to notify him of his rights, it could not "deliberately omit notice with respect to a fundamental right such as the right to be represented by counsel". We find this contention to be meritless, especially since the interviewing physician specifically informed petitioner that he was entitled to have an attorney present at the interview and that the interview could be terminated at any time to permit petitioner to seek advice of counsel.

We further find meritless petitioner's claim that the Administrative Law Judge (hereinafter ALJ) erred in denying his request to review allegedly exculpatory material submitted at the completion of oral argument with his posthearing brief. Petitioner had an opportunity at the prehearing conference to introduce documents which he intended to present at the hearing and he again had ample opportunity to introduce this evidence during the hearing. Because petitioner did not avail himself of this opportunity and effectively precluded the Office of Professional Medical Conduct from testing the validity of this information at the hearing, this evidence was properly excluded by the ALJ. Furthermore, the ARB, in deciding whether the Hearing Committee's determination was supported by substantial evidence, is limited to reviewing only that evidence which has been developed at the hearing and, therefore, its refusal to consider such information was also appropriate.

We also conclude that the ARB's determination was not arbitrary and capricious, affected by an error of law or an abuse of discretion (*see, Matter of Brown v New York State Dept. of Health*, 235 AD2d 957, 958, *lv denied* 89 NY2d 814; *Matter of Chua v Chassin*, 215 AD2d 953, 954, *lv denied* 86 NY2d 708). In so deciding we note that it is not the role of this Court, when reviewing determinations of the ARB, to weigh the testimony of expert witnesses and decide issues of credibility as that function is within the sole province of the administrative fact finder (*see, Matter of Brigham v DeBuono*, 228 AD2d 870, 871, *lv denied* 89 NY2d 801). A review of the record reveals that the ARB's determination of misconduct was based on extensive expert testimony that petitioner's treatment of these 12 patients fell below generally accepted medical standards. In addition, petitioner admitted that he was aware of the recommended guidelines for certain examinations and that some of

his diagnoses were made without appropriate testing. He also admitted to the inadequacy of his medical records.

Finally, in light of the numerous instances of misconduct which petitioner was found to have committed, we find that the penalty of license revocation is not so disproportionate to the offenses as to shock one's sense of fairness (*see, Matter of Gupta v De Buono*, 229 AD2d 58, 62-63, *supra*; *Matter of Chua v Chassin*, *supra*, at 956). We have reviewed petitioner's remaining contentions and find them lacking in merit.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.