◼ In the Matter of EDMUND CARLONI, Petitioner, v BARBARA A. DEBUONO, as Commissioner of the State of New York Department of Health, Respondent. [667 NYS2d 109] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a licensed general practitioner and primary care physician, was charged with eight specifications of professional misconduct stemming from his treatment of five patients, and his stipulation to violating Public Health Law article 33. A hearing ensued, after which a Hearing Committee of the State Board for Professional Medical Conduct found petitioner guilty of practicing medicine negligently on more than one occasion, incompetence on more than one occasion, failing to maintain adequate records, and improperly prescribing controlled substances in violation of Public Health Law article 33. On appeal, the Administrative Review Board (hereinafter ARB) upheld the Committee's factual findings and conclusions, as well as its determination to revoke petitioner's medical license. Petitioner seeks annulment of that decision.

Petitioner's contrary view notwithstanding, the written statement of charges—which specifies the conditions petitioner

purportedly failed to correctly diagnose or evaluate, as well as the drugs he is alleged to have improperly prescribed, for each patient—is sufficiently clear and detailed to apprise petitioner of the conduct at issue and to permit him to adequately prepare a defense; more is not required (*see, Matter of Block v Ambach*, 73 NY2d 323, 333; *Matter of Denis v Board of Regents*, 192 AD2d 963, 966-967). Neither does the fact that the same deficiencies are cited as the basis for charges of negligence and incompetence render the notice improper (*see, e.g., Matter of Minielly v Commissioner of Health of State of N. Y.*, 222 AD2d 750). Also meritless is petitioner's challenge to the adequacy of the Committee's factual findings (*see, Matter of Matala v Board of Regents*, 183 AD2d 953, 954).

Nor was petitioner deprived of due process because he was not permitted to voir dire the Committee members in an attempt to demonstrate that they were biased against him. His particular complaint in this regard is that the panel members may have been influenced by their personal views as to the propriety or desirability of issuing prescriptions for controlled substances to addicts or habitual drug users. There being no indication that any of the Committee members was unable to render an impartial decision (*see, Matter of Warder v Board of Regents*, 53 NY2d 186, 197, *cert denied* 454 US 1125), petitioner was not entitled to engage in a "fishing expedition" in hopes of uncovering something that would substantiate his speculative allegation of bias.

As for petitioner's assertions that the Hearing Committee and the ARB had, in fact, prejudged his case, and that their unfavorable determinations were driven by bias (*see, Matter of Chace v DeBuono*, 223 AD2d 961), it suffices to note that the finding that petitioner had illegally prescribed controlled substances was predicated solely on his stipulation to that effect, rather than on any subjective evaluation of the propriety of his conduct. Moreover, nothing in the record suggests that the findings of negligence and incompetence—which were based, to a great extent, on actions and omissions unrelated to any controlled substance issues—would not have been sustained by a panel sharing petitioner's views with respect to the treatment of drug-dependent patients. Groundless, too, is petitioner's double jeopardy argument (*see, Matter of Caselnova v New York State Dept. of Health*, 235 AD2d 864).

We find petitioner's substantive contention that the ARB's findings and conclusions are arbitrary, capricious and without rational basis to be unconvincing. Putting aside issues of credibility, or the weight that should be accorded conflicting evi-

dence (*see, Matter of Brown v New York State Dept. of Health*, 235 AD2d 957, *lv denied* 89 NY2d 814), a review of the record discloses ample justification for each of the findings of misconduct. The testimony of respondent's expert established that on many occasions petitioner failed to perform adequate physical examinations, to inquire as to the relevant aspects of the patient's history or symptoms or to order indicated tests before arriving at a diagnosis; petitioner's diagnoses were often unjustified given the information he had obtained, the drugs prescribed were inappropriate, he failed to provide necessary follow-up care and his records were insufficient to inform other professionals called upon to treat the patients of the nature of their condition or the care that petitioner provided (*see, Matter of Mucciolo v Fernandez*, 195 AD2d 623, 625, *lv denied* 82 NY2d 661).

Petitioner's claim that the penalty was excessive, given the absence of any showing that he harmed any patients, realized any financial gain from his misconduct or would be unable to be retrained to correct his deficiencies, is unpersuasive. Taking into account all of the pertinent circumstances, including the fact that petitioner repeatedly prescribed powerful drugs, including habit-forming tranquilizers and other controlled substances, without undertaking the steps necessary to properly evaluate his patients' need for those medications, the penalty imposed—revocation of his license—is not "so incommensurate with the offense as to be shocking to one's sense of fairness" (*Matter of Brown v New York State Dept. of Health, supra*, at 958; *see, Matter of Binenfeld v New York State Dept. of Health*, 226 AD2d 935, 937, *lv dismissed* 88 NY2d 1052; *Matter of Chace v DeBuono*, 223 AD2d 961, 962, *supra*).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.