■ In the Matter of STANLEY SCHOENBACH, Petitioner, v BARBARA A. DEBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [692 NYS2d 208] —Graffeo, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In April 1997 petitioner, a licensed physician, was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with committing professional misconduct stemming from petitioner's treatment of five patients (hereinafter patients A, B, C, D and E) from 1985 to 1988 and with submitting fraudulent applications for privileges at certain hospitals. After extensive hearings, a Hearing Committee of respondent State Board for Professional Medical Conduct concluded that petitioner negligently and incompetently practiced medicine with respect to all five patients, and with regard to patients C and D petitioner was found to have fraudulently practiced medicine by purposely mislabeling separate operations as "staged procedures". The findings of the Hearing Committee further cited petitioner's failure to maintain adequate records pertaining to patients B, C, D and E. Lastly, the Hearing Committee determined that petitioner fraudulently failed to dis-

close all of his hospital affiliations on staff applications with two hospitals between 1986 and 1988. At the conclusion of the proceedings, the Hearing Committee suspended petitioner's license to practice medicine for two years. On appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) sustained the Hearing Committee's findings but overturned the penalty imposed, instead revoking his medical license. Petitioner now seeks to vacate the license revocation, contending that the penalty imposed by the ARB was arbitrary and capricious.

Initially, petitioner argues that he suffered prejudice as the result of the delay in the commencement of this disciplinary matter. It is undisputed that the investigation was commenced in 1989 and eight years transpired before charges were brought. Although the length of time between the initiation of the investigation and the commencement of the disciplinary proceeding is troubling, this disciplinary proceeding is not governed by a Statute of Limitations (see, Matter of Monti v Chassin, 237 AD2d 738, 740) and, absent a manifestation of actual prejudice to petitioner, such delay, without more, fails to satisfy petitioner's burden of proof (see, Matter of Lawrence v DeBuono, 251 AD2d 700; Matter of Monti v Chassin, supra, at 740; Matter of Hubsher v DeBuono, 232 AD2d 764, lv denied 89 NY2d 810). Petitioner's unsubstantiated allegations, including vague intimations that his memory of the events had eroded with the passage of time, are insufficient to sustain a claim of prejudice (see, Matter of Galin v DeBuono, 259 AD2d 788, 789-790). Because petitioner has failed to submit actual proof that he suffered prejudice as a result of the delay, this claim must be rejected (see, Matter of Lawrence v DeBuono, supra; Matter of Hubsher v DeBuono, supra, at 765).

Petitioner next contends that the evidence presented at the hearing was not sufficient to support the ARB's findings. We disagree. The applicable standard of review is whether the administrative determination "was arbitrary and capricious, affected by an error of law or an abuse of discretion" (Matter of Brown v New York State Dept. of Health, 235 AD2d 957, 957-958, lv denied 89 NY2d 814). The relevant inquiry, therefore, focuses on whether the ARB's determination had a "rational basis supported by fact" (Matter of Chua v Chassin, 215 AD2d 953, 954-955, lv denied 86 NY2d 708). Credibility issues and the weight accorded to expert testimony are "solely within the province of the administrative factfinder" (id., at 955) and shall be disturbed only where they are irrational (see, Matter of Gonzalez v New York State Dept. of Health, 232 AD2d 886, 889-890, lv denied 90 NY2d 801).

Here, the expert testimony on behalf of BPMC indicating that petitioner failed to exercise the care that a reasonably prudent physician would exercise under the circumstances was sufficient to sustain the ARB's findings of negligence and incompetence (*see, Matter of Bogdan v New York State Bd. for Professional Med. Conduct*, 195 AD2d 86, 88, *appeal dismissed and lv denied* 83 NY2d 901), notwithstanding contradictory evidence submitted by petitioner's experts, the weight of which was to be determined by the fact finder (*see, Matter of Gupta v DeBuono*, 229 AD2d 58, 60; *Matter of Brigham v DeBuono*, 228 AD2d 870, *lv denied* 89 NY2d 801; *Matter of Moss v Chassin*, 209 AD2d 889, 891, *lv denied* 85 NY2d 805, *cert denied* 516 US 861). Additionally, evidence was presented by BPMC demonstrating that petitioner failed to properly record and maintain adequate medical records. We conclude that petitioner's failure to maintain objectively meaningful medical information in his patient records (*see, Matter of Mucciolo v Fernandez*, 195 AD2d 623, 625, *lv denied* 82 NY2d 661) constituted negligence, especially in light of the fact that there was a relationship between the inadequate record-keeping and patient treatment (*see, Matter of Bogdan v New York State Bd. for Professional Med. Conduct, supra*, at 89).

We also find the charge of neglecting to disclose all affiliations in applications for privileges and purposely mislabeling operations as "stages" sufficient to support the charge of fraud in violation of Education Law § 6530 (2). The ARB determined that petitioner's actions in this regard were intended to deceive (*see, Matter of Post v State of N. Y. Dept. of Health*, 245 AD2d 985, 987), including the concealment of a prior hospital investigation and unsatisfactory evaluation, which established the requisite intent needed to sustain the fraud charge (*see, Matter of Berger v Board of Regents*, 178 AD2d 748, 751, *lv denied* 80 NY2d 918, *cert denied* 507 US 1018). Moreover, petitioner's explanations were found to be incredible by the fact finder.

With respect to petitioner's claim that BPMC's expert was unqualified to render certain opinions, we view the expert, a general surgeon with a speciality in plastic surgery, as possessing the requisite skills, training, education, knowledge and experience upon which to base a reliable opinion with regard to the treatment of patients at issue (*see, Matter of Enu v Sobol*, 208 AD2d 1123, 1125). Any conflicts between the experts regarding petitioner's conduct was properly resolved by the trier of fact (*see, Matter of Gupta v DeBuono*, 229 AD2d 58, 60, *supra*).

Lastly, the sanction imposed by the ARB was not so shocking to one's sense of fairness nor disproportionate to the misconduct to be deemed irrational as a matter of law (*see, Matter of Brown v New York State Dept. of Health*, 235 AD2d 957, 958, *supra; Matter of Mansur v State of N. Y. Dept. of Health Bd. for Professional Med. Conduct*, 223 AD2d 774, 776). It is well settled that the ARB has the authority to substitute its judgment for that of the Hearing Committee and may impose sanctions it deems appropriate (*see, Matter of Ross v New York State Dept. of Health*, 226 AD2d 863, 865), including a more severe penalty (*see, Matter of Wapnick v New York State Bd. for Professional Med. Conduct*, 203 AD2d 728, 729).

In light of petitioner's fraudulent statements on applications for hospital privileges, his failure to properly document procedures performed on patients, his failure to procure necessary patient medical history, and general negligence and misconduct with respect to patient care, we find no reason to disturb the ARB's determination and penalty. In addition, contrary to petitioner's assertion, it is not necessary that a permanent injury occur to patients in order to support a finding of medical misconduct and revocation of a medical license (*see, Matter of Moon Ho Huh v New York State Dept. of Health*, 256 AD2d 933, 934; *Matter of Carloni v DeBuono*, 245 AD2d 970, 972).

We have considered petitioner's remaining contentions and have found them lacking in merit.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.