■ ˈIn the Matter of FLOYD W. WHITE, JR., Petitioner, v NEW YORK STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT et al., Respondents. [715 NYS2d 116] —Spain, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public

Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Based upon his conviction of criminal contempt in the second degree, petitioner, a licensed ophthalmologist, was charged with one specification of professional misconduct. After a hearing which petitioner did not attend, a Hearing Committee of respondent State Board for Professional Medical Conduct found petitioner guilty of the charge and determined that his license to practice medicine should be revoked. Petitioner claimed that he did not receive notice of the hearing and appealed to respondent Administrative Review Board for Professional Medical Conduct (hereinafter the ARB). The ARB remanded the matter to the Hearing Committee for further proceedings. Instead of pursuing his right to a new hearing, however, petitioner applied for a consent order whereby he would admit his guilt of the charge and receive a stayed one-year suspension of his license with a five-year period of probation. The probation terms required, *inter alia*, that petitioner's practice of medicine be supervised and monitored by qualified health care professionals and that he submit to random drug testing. The consent order was issued in February 1997.

In June 1997, petitioner was charged with violating the probation terms of the consent order based upon allegations that he tested positive for opiates on two occasions, failed to comply with certain requests and directives from the Office of Professional Medical Conduct and practiced medicine without the required supervision. After a hearing, a Hearing Committee sustained the charges and determined that petitioner's license to practice medicine should be revoked. Upon petitioner's administrative appeal, the ARB affirmed the Hearing Committee's determination, including the penalty, and petitioner thereafter commenced this CPLR article 78 proceeding to review the ARB's determination.

Initially, petitioner's challenge to the validity of the consent order is untimely (*see, Matter of Saraf v Vacanti*, 223 AD2d 836, 837-838). We also find no merit to petitioner's claim of discrimination based upon his substance abuse. The record demonstrates that petitioner's license was revoked not as the result of any bias or discrimination but based on his professional misconduct as established by the consent order and the finding that he failed to abide by the agreed upon probationary terms (*see generally, Matter of Moran v Chassin*, 225 AD2d 814, 815-816, *lv denied* 88 NY2d 807; *Matter of Chace v*

*DeBuono*, 223 AD2d 961, 962). "The standard that governs this Court's review of the ARB determination is whether such decision is 'arbitrary and capricious, affected by an error of law or an abuse of discretion' " (*Matter of Pisnanont v New York State Bd. for Professional Med. Conduct*, 266 AD2d 592, 593, quoting *Matter of Spartalis v State Bd. for Professional Med. Conduct*, 205 AD2d 940, 942, *lv denied* 84 NY2d 807). We conclude that the ARB's determination withstands scrutiny under this test and therefore confirm its determination.

Petitioner testified that he did not use any drugs during the relevant time period and that while he did violate other terms of his probation as alleged, he did so only because of the emotional impact of the positive drug test results and his overwhelming desire to prove those results wrong. Thus, according to petitioner, any violation he committed was merely "technical." The Hearing Committee found that petitioner's denial of drug use was not credible and that his other probation violations reflected poor judgment in his decision making. The ARB adopted the Hearing Committee's assessment of petitioner's testimony. Such credibility determinations "are solely within the province of the administrative fact finder" (*Matter of Brown v New York State Dept. of Health*, 235 AD2d 957, 958, *lv denied* 89 NY2d 814).

Petitioner also presented evidence, including expert testimony, to demonstrate that the two positive drug test results in March 1997 were false positives caused by his ingestion of poppy seeds. However, the psychiatrist who examined petitioner discounted the false positive claim, stating that he had questioned petitioner about poppy seeds and petitioner had denied ingesting them, and further noting that petitioner's conduct during the relevant time period was not that of a substance abuser in recovery, but of an individual who had relapsed into substance abuse. In addition, petitioner's probation officer* testified that prior to the March 20, 1997 positive test, petitioner assured her that he had not recently ingested any poppy seeds. We conclude that the evidence of possible false positive test results presented a question of credibility which, as noted, was for the administrative fact finder to resolve and did not preclude a finding of drug use based upon the positive test results (*see*, *Matter of Smith v Coughlin*, 191 AD2d 783, *lv denied* 82 NY2d 653).

Our review of the record discloses no basis to disturb the

---

* Petitioner was under the supervision of a probation officer as the result of the sentence imposed upon his criminal court conviction of criminal contempt in the second degree.

ARB's findings that, as charged, petitioner violated the probation terms of his consent order and, therefore, the only remaining issue is petitioner's challenge to the penalty. Our review of that issue is limited to determining whether the penalty of revocation is so incommensurate with the offense as to shock one's sense of fairness (*see, Matter of Larkins v DeBuono*, 257 AD2d 714, 716). Considering petitioner's conviction—which served as the basis for the underlying charge and ultimately resulted in the consent order—and taking into account petitioner's failure to comply with the terms of the probation established by the consent order, we find no basis to disturb the penalty of revocation (*see, Matter of Pisnanont v New York State Bd. for Professional Med. Conduct, supra*, at 593).

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.