In the Matter of AMARA S. CONTEH, Petitioner, v RICHARD F. DAINES, as Commissioner of Health of the State of New York, Respondent. [860 NYS2d 649]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, among other things, revoked petitioner's license to practice medicine in New York.

Petitioner, a physician licensed to practice in New York, was charged by the Bureau of Professional Medical Conduct with 26 specifications of professional misconduct in violation of Education Law § 6530, including negligence on more than one occasion, incompetence on more than one occasion, failure to maintain adequate patient records, fraudulent medical practice and moral unfitness. The allegations pertained to petitioner's treatment of 11 patients, identified as patients A through K, and prescribing controlled substances to them. Following an

administrative hearing, during which the charges with respect to patient J were withdrawn, a Hearing Committee of the State Board for Professional Medical Conduct sustained all of the remaining charges except the allegation of fraudulent billing of health insurers and/or Medicaid. As a result, the Committee revoked petitioner's medical license and imposed a $110,000 fine. On administrative appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) denied petitioner's request to remit the matter to the Committee for consideration of additional evidence and affirmed the determination. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking to annul the ARB's determination.

Initially, we are unpersuaded by petitioner's contention that he was denied his rights to a fair hearing and due process by the ARB's and Committee's consideration of, and reliance on, his allegedly coerced confession and subsequent written statements obtained in connection with the criminal investigation into petitioner's medical practice. Notably, petitioner's motion to suppress such evidence at the criminal trial was denied upon a finding by the federal court that his statements were not coerced. Moreover, it is well settled that a petitioner in an administrative proceeding is "not entitled to all of the due process rights afforded a defendant in a criminal proceeding" (*Matter of Kosich v New York State Dept. of Health*, 49 AD3d 980, 982 [2008]; *see Matter of Block v Ambach*, 73 NY2d 323, 333 [1989]; *Matter of Miles v Nyquist*, 60 AD2d 133, 136 [1977], *lvs dismissed* 44 NY2d 644, 789, 853 [1978]).

Next, inasmuch as this proceeding is to review the determination of the ARB, petitioner's contention that the Committee's determination was not supported by substantial evidence is misplaced (*see Matter of Maglione v New York State Dept. of Health*, 9 AD3d 522, 524 [2004]). In that regard, our review of an ARB determination "is limited to whether the decision is arbitrary and capricious, affected by an error of law or an abuse of discretion," thereby distilling our inquiry "to whether the ARB's determination has a rational basis and is factually supported" (*Matter of Khan v New York State Dept. of Health*, 286 AD2d 562, 563 [2001] [internal quotation marks and citations omitted]). Applying that standard, we do not find adequate grounds to annul the ARB's determination. The testimony at the hearing reveals that petitioner, in contravention of the minimum standard of care of a reasonably prudent physician, repeatedly prescribed habit-forming controlled substances without obtaining patients' medical histories or performing appropriate physical examinations or evaluations necessary for

proper diagnosis and treatment of the patients at issue. Furthermore, the proof supported the conclusion that these patients' records were inadequate. In light of this evidence, a rational basis exists in the record to support the charges of negligence and incompetence on more than one occasion as well as the failure to maintain accurate patient records (*see Matter of Maglione v New York State Dept. of Health*, 9 AD3d at 524-525).

To the extent that petitioner contends that the board certified physician in internal medicine and rheumatology presented by the Bureau of Professional Medical Conduct was unqualified to render expert testimony, we find that he possessed the requisite skill, training, education, knowledge and experience from which it could be inferred that he was qualified to render an opinion with regard to petitioner's alleged misconduct (*see Matter of Schoenbach v DeBuono*, 262 AD2d 820, 822 [1999], *lv denied* 94 NY2d 756 [1999]; *Matter of Enu v Sobol*, 208 AD2d 1123, 1124-1125 [1994]). Any contention that such testimony was unreliable presented issues of credibility and weight which are solely for the administrative factfinder to resolve (*see Matter of Wahba v New York State Dept. of Health*, 277 AD2d 634, 635 [2000]; *Matter of Schoenbach v DeBuono*, 262 AD2d at 821). Petitioner's further contention that he was prejudiced by the absence of any testimony from the subject patients is undermined by his own failure to exercise his right to subpoena such patients (*see* Public Health Law § 230 [10] [c] [4]; State Administrative Procedure Act § 304 [2]; *Matter of Sookhu v Commissioner of Health of State of N.Y.*, 31 AD3d 1012, 1014 [2006]).

Turning to the charge of fraudulent practice of medicine, there is a rational basis in the record for the conclusion that petitioner abused his privilege to prescribe controlled substances in light of the evidence that petitioner, without a proper examination or inquiry of the patients, lacked a sound medical reason to regularly prescribe controlled substances to them (*see Matter of Moyo v Ambach*, 136 AD2d 811, 812 [1988]). We reach the same conclusion with respect to the charge of moral unfitness to practice medicine, which requires "a showing that the physician violat[es] the trust the public bestows on the medical profession and/or violat[es] the medical profession's moral standards" (*Matter of Prado v Novello*, 301 AD2d 692, 694 [2003] [internal quotation marks and citations omitted]). Given the evidence presented, as well as the inferences to be drawn therefrom, we find such charge to be amply supported (*see id.*).

Finally, given petitioner's lack of insight into the severity of his misconduct, the fact that he profited from such misconduct

and taking into account respondent's duty to protect the public, we cannot say that the penalty imposed is "so incommensurate with the offense as to be shocking to one's sense of fairness" (*Matter of Carloni v DeBuono*, 245 AD2d 970, 972 [1997] [internal quotation marks and citations omitted]; *see Matter of Chace v DeBuono*, 223 AD2d 961, 962 [1996]).

We have reviewed petitioner's remaining contentions, including that the ARB erred in not remitting the matter for further testimony, and find them to be without merit.

Mercure, Rose, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.