■ In the Matter of NESSIM ROUMI, Petitioner, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [932 NYS2d 554]—

Peters, J.P.

Petitioner, a physician licensed to practice medicine in New

---

York, was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with practicing medicine with negligence on more than one occasion, incompetence on more than one occasion and failure to maintain accurate medical records in connection with his care and treatment of five patients. Following a hearing, a Hearing Committee of respondent sustained each of the charges and suspended petitioner's license for six months, placed him on probation for one year and fined him $30,000. Upon BPMC's appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) sustained the charges, but modified the penalty by revoking petitioner's license. Petitioner thereafter commenced this proceeding seeking to annul the ARB's determination.

We reject petitioner's assertion that it was error to conduct the administrative proceeding during the pendency of criminal charges against him arising out his treatment of certain of the patients at issue (*see Matter of Gross v De Buono*, 223 AD2d 789, 791 [1996]; *Matter of Viloria v Sobol*, 152 AD2d 92, 95 [1989]; *Matter of Baumeister*, 38 AD2d 139, 140 [1972]). Notably, petitioner never moved to adjourn the administrative hearing or to dismiss the felony complaints for failure to prosecute despite the fact that, according to petitioner, they remained pending, but not acted upon, for more than five years at the time of the administrative hearing (*see Oleshko v New York State Liq. Auth.*, 29 AD2d 84, 87-88 [1967], *affd* 21 NY2d 778 [1968]). Furthermore, petitioner's assertion that BPMC's expert witness, a licensed osteopath, was biased against the management of pain by use of prescription drugs is unsupported by the record. To the contrary, the expert testified that use of pain medication such as that prescribed by petitioner may be appropriate depending on a patient's symptoms, and that he himself prescribes narcotics for acute and chronic pain. In the absence of any factual demonstration in support of this claim and proof that the administrative outcome flowed from the alleged bias (*see Matter of Gant v Novello*, 302 AD2d 690, 692 [2003], *lv denied* 100 NY2d 502 [2003]; *Matter of Lauersen v Novello*, 293 AD2d 833, 834 [2002]), we find no basis to conclude that petitioner was deprived of his right to a fair hearing and due process.

Petitioner next contends that the evidence presented at the hearing was insufficient to support the ARB's findings of negligence and incompetence on more than one occasion. We disagree. " 'Given that the Hearing Committee's determination was reviewed by the ARB . . . , our review is limited to ascertaining whether [the ARB's determination] was arbitrary

and capricious, affected by error of law or an abuse of discretion' " (*Matter of Arnett v New York State Dept. of Health*, 69 AD3d 1001, 1002 [2010], *lv denied* 14 NY3d 707 [2010], quoting *Matter of Sidoti v State Bd. for Professional Med. Conduct*, 55 AD3d 1162, 1164 [2008]; *see Matter of Shapiro v Administrative Review Bd. of the State Bd. for Professional Med. Conduct*, 71 AD3d 1241, 1242 [2010]; *Matter of D'Souza v New York State Dept. of Health*, 68 AD3d 1562, 1563 [2009]). In other words, the ARB's determination will not be disturbed if it has a rational basis and is factually supported (*see Matter of Fodera v Daines*, 85 AD3d 1452, 1453 [2011], *lv denied* 17 NY3d 714 [2011]; *Matter of Kosich v New York State Dept. of Health*, 49 AD3d 980, 984 [2008], *appeal dismissed* 10 NY3d 950 [2008]; *Matter of Chua v Chassin*, 215 AD2d 953, 954-955 [1995], *lv denied* 86 NY2d 708 [1995]).

The testimony of BPMC's expert established that, with respect to each patient, petitioner failed to perform adequate physical examinations or inquire as to relevant aspects of the patients' histories or symptoms. On many occasions, petitioner failed to order relevant diagnostic and/or blood tests before arriving at a diagnosis, and his diagnoses were often unjustified in light of the information he had obtained. The expert also noted that petitioner did not devise a treatment plan for any of the patients, and petitioner's medical records were patently insufficient to inform other professionals called upon to treat the patients of the nature of their condition or the care that petitioner provided.* Moreover, the expert concluded, and the ARB found, that petitioner's practice of prescribing pain medication seriously deviated from accepted minimum standards of care. Petitioner repeatedly prescribed opioid-based controlled substances without obtaining patients' medical histories or undertaking the steps necessary to properly evaluate his patients' need for those medications or the dosages provided. The expert testified further that petitioner overprescribed pain medication to some of the patients and, with respect to others, prescribed and changed the medication without any documented reason for doing so.

While petitioner asserts that BPMC's expert was unqualified to render certain opinions, we find that he possessed "the requisite skills, training, education, knowledge and experience upon which to base a reliable opinion with regard to the treatment of [the] patients at issue" (*Matter of Schoenbach v De-*

---

* Indeed, because petitioner's handwritten patient records were illegible, they were transcribed by him at the request of respondent. The transcribed records were used by BPMC's expert to form the basis of his opinions.

*Buono,* 262 AD2d 820, 822 [1999], *lv denied* 94 NY2d 756 [1999]; *see Matter of Conteh v Daines,* 52 AD3d 994, 996 [2008]; *Matter of Enu v Sobol,* 208 AD2d 1123, 1124 [1994]). Petitioner's contention that such testimony was unreliable and "of little or no value" presented issues of credibility and weight, which are solely within the province of the administrative factfinder (*see Matter of Rigle v Daines,* 78 AD3d 1249, 1252 [2010], *appeal dismissed* 16 NY3d 825 [2011]; *Matter of Conteh v Daines,* 52 AD3d at 996). Thus, as there exists a rational basis in the record for the ARB's determination, we will not disturb it.

Finally, as to the issue of penalty, it is well settled that the ARB is empowered to impose a more severe sanction than that imposed by the Hearing Committee (*see Matter of Cohen v New York State Dept. of Health,* 65 AD3d 791, 793 [2009]; *Matter of Aptaker v Administrative Review Bd. for Professional Med. Conduct,* 60 AD3d 1160, 1163 [2009], *lv denied* 12 NY3d 713 [2009]; *Matter of Chatelain v New York State Dept. of Health,* 48 AD3d 943, 944 [2008]). Here, the ARB found the harsher penalty of revocation justified since petitioner's prescribing practices repeatedly placed patients at risk and there was nothing to indicate that petitioner realized his deficiencies or understood the need to correct them. The ARB further found that the "gaps in knowledge and bad practices that developed over a long career" could not be remedied by the imposition of a lesser sanction, i.e., a probationary period and continuing medical education. Despite petitioner's assertion to the contrary, the fact that none of the patients at issue suffered any actual harm does not preclude revocation of his license (*see Matter of Celestin v Novello,* 43 AD3d 545, 546 [2007]; *Matter of Zharov v New York State Dept. of Health,* 4 AD3d 580, 580 [2004]; *Matter of Carloni v DeBuono,* 245 AD2d 970, 972 [1997]). Considering all of the facts and circumstances of this case, we cannot conclude that the penalty of license revocation is "so incommensurate with the offense as to be shocking to one's sense of fairness" (*Matter of Conteh v Daines,* 52 AD3d at 997 [internal quotation marks and citation omitted]; *see Matter of Carloni v DeBuono,* 245 AD2d at 972; *Matter of Chace v DeBuono,* 223 AD2d 961, 962 [1996]; *Matter of Jean-Baptiste v Sobol,* 209 AD2d 823, 825 [1994]).

Spain, Stein, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

