Matter of Papadas v City of New York (2022 NY Slip Op 05664)

Matter of Papadas v City of New York

2022 NY Slip Op 05664

Decided on October 11, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 11, 2022

Before: Gische, J.P., Kern, Gesmer, Rodriguez, Pitt, JJ. 

Index No. 810947/21E Appeal No. 16394 Case No. 2022-01061 

[*1]In the Matter of Athanasios Papadas, Petitioner-Respondent,
v
The City of New York, et al., Respondents-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for appellants.
Famighetti & Weinick, PLLC, Melville (Matthew Weinick of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered February 28, 2022, granting the petition to annul the determination of New York City Health and Hospitals Corporation (HHC), dated July 19, 2021, to rescind petitioner's appointment to the residency program at respondent Jacobi Medical Center, reinstating petitioner to the residency program, and awarding him back pay and attorney's fees, unanimously reversed, on the law and the facts, the petition denied and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
HHC, which operates respondent Jacobi Medical Center, acted rationally in rescinding petitioner's appointment to the residency program at Jacobi after his initial drug screening was positive for opiates (see e.g. Matter of O'Neill v City of New York, 52 AD3d 258 [1st Dept 2008]). Petitioner's assertion that his positive drug test was the result of eating seeded breads does not require annulment of HHC's determination (see e.g. Matter of White v New York State Bd. for Professional Med. Conduct, 277 AD2d 608, 610 [3d Dept 2000], lv denied 96 NY2d 716 [2001]). Respondent had a rational basis for rejecting this explanation. Petitioner's contentions regarding the chain of custody procedure are also unavailing, as the transcription errors presented are minor and, in any event, the control numbers on the positive drug test report and the chain of custody form match (see e.g. Matter of Brinson v Safir, 255 AD2d 247 [1st Dept 1998], lv denied 93 NY2d 805 [1999]; see also Matter of Samuel v Goord, 277 AD2d 584, 585 [3d Dept 2000]). Moreover, respondents' interpretation of its own chain of custody procedure must be afforded judicial deference (see Matter of Leggio v Devine, 34 NY3d 448, 460 [2020]). Respondent was not required to conduct additional testing.
HHC's decision to terminate petitioner's employment based on the positive drug test does not shock the conscience (see Matter of O'Neill, 52 AD3d 258). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 11, 2022