◼ In the Matter of ANTHONY RUGGIERO, Petitioner, v STATE OF NEW YORK DEPARTMENT OF HEALTH et al., Respondents. [643 NYS2d 698] —Spain, J.

Petitioner, a physician, had been licensed to practice medicine in New York since 1943. Following a complaint to the Bureau of Professional Medical Conduct (hereinafter BPMC), an investigator visited petitioner's office for an inspection on three occasions. As a result of observations made by the investigator, an amended statement of charges was issued in April 1994 by the BPMC charging petitioner with professional misconduct. The first specification charged petitioner with failure to use scientifically accepted barrier precautions and infection control precautions (*see,* Education Law § 6530 [47]). The second specification charged petitioner with failure to maintain records for patients A through E which accurately reflected his evaluation and treatment of them (*see,* Education Law § 6530 [32]).

In May 1994 a hearing was held before a three-member committee of the State Board for Professional Medical Conduct. Although the committee concluded that no evidence was offered to support that part of the first specification which alleges that petitioner failed to use scientifically accepted barrier precautions, it did conclude that petitioner kept a filthy office and failed to practice appropriate infection control. The committee

also concluded that petitioner, as alleged in the second specification, failed to keep accurate and meaningful records of the evaluation and treatment of his patients. The committee further determined that the appropriate penalty was revocation of petitioner's license to practice medicine. Upon appeal, the Administrative Review Board for Professional Medical Conduct sustained the determination as to petitioner's guilt and the penalty. This proceeding followed.

We confirm. Initially, we reject petitioner's bald assertion that the record lacked substantial evidence to support the findings of guilt. Testimony adduced at the hearing revealed that scissors, tweezers and broken glass vials were strewn about the office, instruments were left in surgical trays without disinfectant and that the sink designated for hand washing was filthy. The testimony was supported by photographic evidence which captured the condition of the office. Further, petitioner admitted that he stored syringes, medicine and food together in his refrigerator. With respect to petitioner's recordkeeping, he admitted that he relied solely on his memory in treating patients and conceded that his memory is not as good as it used to be. He also admitted that he did not keep individual patient records, only a daily journal of each patient seen. Thus, in order to prepare medical charts for each particular patient named in the amended statement of charges, petitioner had to go page by page through each yearly log book to complete the information. Clearly, this proof provided ample support for the determinations of professional misconduct.

The remaining arguments raised by petitioner have been examined and found to be unpersuasive. Petitioner's conclusory claim that he was denied due process is without merit. In our view, petitioner "was sufficiently apprised of the activities which would be considered and was afforded an adequate opportunity to prepare and defend against the allegations" (*Matter of O'Brien v Commissioner of Educ. of State of N. Y.*, 136 AD2d 837, 839). Finally, given the nature of the proven misconduct, we conclude that the penalty of revocation was not disproportionate or unduly harsh (*see, Matter of Abdelmessih v Board of Regents*, 205 AD2d 983, 986). Significantly, lesser penalties were considered and rejected by the committee and the Review Board; revocation was deemed appropriate since "no finding [could be made] that would indicate that [petitioner] could improve his practice to the point that he would no longer constitute a danger to his patients".

Mercure, J. P., White, Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.