■ In the Matter of Paul L. Maglione, Petitioner, v New York State Department of Health et al., Respondents. [779 NYS2d 319]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, inter alia, suspended petitioner's license to practice medicine in New York.

Petitioner, a physician licensed to practice medicine in New York since 1959, was charged by the Bureau of Professional Medical Conduct (hereinafter the BPMC) with 49 specifications of misconduct in violation of Education Law § 6530, including practicing medicine with gross negligence and gross incompetence, practicing medicine negligently on more than one occasion, practicing medicine incompetently on more than one occasion, and failing to maintain accurate medical records, all relating to his care of eight patients (hereinafter patients A through H). Following a hearing, a Hearing Committee of the State Board for Professional Medical Conduct sustained six charges of practicing medicine negligently on more than one occasion and eight charges of failing to maintain accurate medical records, but did not sustain any charges of gross negligence,

gross incompetence or practicing medicine incompetently on more than one occasion. Based on the found violations, the Hearing Committee suspended petitioner's license to practice medicine in New York for five years, stayed the suspension and placed petitioner on probation with a practice monitor for that period. On administrative appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) affirmed. Petitioner then commenced this proceeding seeking annulment of the ARB's determination and arguing that he was deprived of due process, the findings of the Hearing Committee were not proven by substantial evidence, and the penalty imposed is excessive.

Petitioner's lack of due process argument is based on his claims that he was the victim of a biased investigation and prosecution and prosecutorial misconduct, and the charges lacked sufficient specificity to allow a proper defense. Specifically, petitioner points to a statement made by a nurse investigator and a statement made by the BPMC's attorney to demonstrate that he was the victim of age discrimination. He also alleges overzealous advocacy of the BPMC's case because an investigator shredded the notes that he took during his interview with petitioner and because the BPMC brought charges against petitioner for his care of patients B, C, D, E, F, G and H, even though none of these patients made a complaint.

An administrative determination may be annulled when " 'prejudice so permeate[d] the underlying hearing as to render it unfair' " (*Matter of Richstone v Novello*, 284 AD2d 737, 739 [2001], quoting *Matter of Jean-Baptiste v Sobol*, 209 AD2d 823, 824 [1994]). However, " '[m]erely alleging bias is not sufficient to set aside an administrative determination. Rather, the party alleging bias must set forth a factual demonstration supporting the allegation as well as prove that the administrative outcome flowed from it' " (*Matter of Yoonessi v State Bd. for Professional Med. Conduct*, 2 AD3d 1070, 1071 [2003], quoting *Matter of Sunnen v Administrative Review Bd. for Professional Med. Conduct*, 244 AD2d 790, 791 [1997], *lv denied* 92 NY2d 802 [1998]). The factual demonstration must overcome " 'the presumption of honesty and integrity accorded to administrative body members' " (*Matter of Yoonessi v State Bd. for Professional Med. Conduct, supra* at 1071, quoting *Matter of Sunnen v Administrative Review Bd. for Professional Med. Conduct, supra* at 792; *see Matter of Kole v New York State Educ. Dept.*, 291 AD2d 683, 686 [2002]; *Matter of Richstone v Novello, supra* at 739).

After careful analysis, we conclude that petitioner's claims

are either unsupported by the record or they amount to no more than an allegation of bias with no factual demonstration supporting the allegation or that the administrative outcome flowed from it. Moreover, despite the allegations of note shredding, the Hearing Committee found the witness to be credible, a finding to which the ARB deferred, and that determination may not be disturbed by this Court (*see Matter of Bottros v DeBuono,* 256 AD2d 1034, 1036 [1998]; *Matter of Brown v New York State Dept. of Health,* 235 AD2d 957, 958 [1997], *lv denied* 89 NY2d 814 [1997]).

Next, since this proceeding is to review the determination of the ARB, petitioner's second argument that the findings of the Hearing Committee were not proven by substantial evidence is flawed (*see Matter of Brown v New York State Dept. of Health, supra* at 957-958). "In reviewing a determination of the ARB, [this Court is] limited to ascertaining whether it was 'arbitrary and capricious, affected by error of law or an abuse of discretion' " (*Matter of Bottros v DeBuono, supra* at 1035-1036, quoting *Matter of Chua v Chassin,* 215 AD2d 953, 954 [1995], *lv denied* 86 NY2d 708 [1995]; *see Matter of Lugo v New York State Dept. of Health,* 306 AD2d 766, 766-767 [2003]; *Matter of Citronenbaum v New York State Dept. of Health,* 303 AD2d 855, 857 [2003]). "Under this standard, [this Court's] inquiry is whether the administrative determination has a rational basis supported by fact" (*Matter of Brown v New York State Dept. of Health, supra* at 958 [citation omitted]). When making such a determination, this Court "may not consider credibility issues, for to do so would impinge upon the province of the administrative fact finder" (*Matter of Bottros v DeBuono, supra* at 1036).

Guided by these principles, we first address the findings of practicing medicine negligently on more than one occasion. "A physician is guilty of negligence on more than one occasion . . . when he or she has 'failed to exercise the care that a reasonably prudent physician would exercise under the circumstances' " (*Matter of Gonzalez v New York State Dept. of Health,* 232 AD2d 886, 889 [1996], *lv denied* 90 NY2d 801 [1997], quoting *Matter of Bogdan v New York State Bd. for Professional Med. Conduct,* 195 AD2d 86, 88 [1993], *appeal dismissed and lv denied* 83 NY2d 901 [1994]). Petitioner argues that both the Hearing Committee and the ARB erred when they found that "minor mistakes" made by petitioner amounted to negligence. In our view, a proper reading of the record is that the ARB made the reference to minor mistakes to reject the BPMC's argument that petitioner was guilty of gross negligence on more than one occasion but sustained the finding of negligence. Our indepen-

dent review of the record leads to the conclusion that the ARB's determination has a rational basis supported by fact when it sustained findings of negligence in that petitioner failed to send patient A to the hospital when he exhibited symptoms of suffering from a stroke, that petitioner failed to monitor patient E's thyroid function, did an incomplete neurologicial examination of patient C, inappropriately exceeded the time limit for treating patient E with testosterone, used Methotrexate on a trial basis for patient F, and failed to contact patient G periodically to monitor that patient's diabetes and blood pressure. We do not agree that these charges lacked specificity to the degree that petitioner's defense was impaired.

A physician is also guilty of "professional misconduct" for "[f]ailing to maintain a record for each patient which accurately reflects the evaluation and treatment of the patient" (Education Law § 6530 [32]). "A medical record which 'fails to convey objectively meaningful medical information concerning the patient treated to other physicians is inadequate'" (*Matter of Gonzalez v New York State Dept. of Health, supra* at 890, quoting *Matter of Mucciolo v Fernandez,* 195 AD2d 623, 625 [1993], *lv denied* 82 NY2d 661 [1993]). Again, the record amply demonstrates a rational basis supported by fact for the eight determinations of inadequate record keeping for each of the patients. Notably, petitioner does not even address the findings with respect to patients D and H and, on several occasions, petitioner's own expert agreed that the records were inadequate.

Lastly, a penalty imposed by the ARB will be modified or annulled only when "the punishment is so disproportionate in light of the offense that it shocks one's sense of fairness" (*Matter of Brigham v DeBuono,* 228 AD2d 870, 874 [1996], *lv denied* 89 NY2d 801 [1996]; *see Matter of O'Keefe v State Bd. for Professional Med. Conduct,* 284 AD2d 694, 696-697 [2001], *lv denied* 96 NY2d 722 [2001]; *Matter of Chua v Chassin,* 215 AD2d 953, 956 [1995], *lv denied* 86 NY2d 708 [1995]). In view of the sustained charges, we conclude that the ARB acted well within its authority in sustaining the penalty imposed (*see Matter of Gross v New York State Dept. of Health,* 277 AD2d 825, 829 [2000]) and that the penalty is not so disproportionate to the offenses as to shock one's sense of fairness.

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.