In the Matter of IVAN A. D'SOUZA, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [893 NYS2d 294]—

Rose, J. 

A Hearing Committee of the State Board for Professional Medical Conduct sustained 14 charges of professional misconduct against petitioner, a physician specializing in obstetrics and gynecology. The charges, which include engaging in conduct that evidences moral unfitness to practice medicine, were based upon petitioner's attempted and actual improper sexual contact with four of his female patients. Upon petitioner's application for review, respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB) sustained the charges

and revoked his license to practice medicine. Petitioner then commenced this CPLR article 78 proceeding to annul the ARB's determination.

Inasmuch as this proceeding is to review the determination of the ARB, petitioner's contention that the Hearing Committee's determination was not supported by substantial evidence is misplaced (*see Matter of Maglione v New York State Dept. of Health*, 9 AD3d 522, 524 [2004]). Rather, review of an ARB determination "is limited to whether the decision is arbitrary and capricious, affected by an error of law or an abuse of discretion," and "our inquiry distills to whether the ARB's determination has a rational basis and is factually supported" (*Matter of Khan v New York State Dept. of Health*, 286 AD2d 562, 563 [2001] [internal quotation marks and citations omitted]; *see Matter of Brown v New York State Dept. of Health*, 235 AD2d 957, 957-958 [1997], *lv denied* 89 NY2d 814 [1997]). Moreover, in reviewing the ARB's determination, "we do not resolve credibility issues or weigh the testimony of expert witnesses, for those issues are solely within the province of the administrative factfinder" (*Matter of Chua v Chassin*, 215 AD2d 953, 955 [1995], *lv denied* 86 NY2d 708 [1995]; *see Matter of Brown v New York State Dept. of Health*, 235 AD2d at 958).

Here, the credited testimony revealed that petitioner had inappropriately kissed and made sexually suggestive comments to two patients, engaged in a sexual relationship with another of his patients and, later, after the relationship had ended, asked her to perform oral sex while she was in a hospital recovering from an operation. He also inappropriately touched the breasts and genitals of a fourth patient during a gynecological examination. The contrary testimony of petitioner and his witness raised credibility issues that the Hearing Committee and, ultimately, the ARB resolved against him (*see e.g. Matter of Solomon v Administrative Review Bd. for Professional Med. Conduct, Dept. of Health*, 303 AD2d 788, 789 [2003], *lv denied* 100 NY2d 505 [2003]). Thus, the record provides a rational basis to support the charges sustained here (*see Matter of Maglione v New York State Dept. of Health*, 9 AD3d at 524-525).

Next, petitioner contends that the ARB improperly considered evidence regarding reports of his sexual misconduct to others by two of the patients because the reports did not meet the "prompt outcry" exception to the hearsay rule. We cannot agree. Neither the Hearing Committee nor the ARB was bound by the rules of evidence (*see* Public Health Law § 230 [10] [f]; *Matter of Smith v New York State Dept. of Health*, 66 AD3d 1144, 1147 [2009]; *Matter of Kosich v New York State Dept. of Health*, 49

AD3d 980, 982 [2008], *appeal dismissed* 10 NY3d 950 [2008]; *Matter of St. Lucia v Novello*, 284 AD2d 591, 593 [2001]), and they could consider hearsay evidence without regard to whether it would come within a recognized exception. We also disagree with petitioner's argument that the patients' delay in reporting the alleged sexual contact to third parties rendered the reports so inherently unreliable as to preclude their admissibility (*see Matter of Sookhu v Commissioner of Health of State of N.Y.*, 31 AD3d 1012, 1014 [2006]).

Petitioner further argues that the Hearing Committee should have been disqualified as biased because its members expressed sympathy with a patient witness and there was an inappropriate "affinity" between it and the staff who prosecuted the charges against him. To set aside a determination for purported bias, petitioner must set forth "factual support demonstrating bias and proof that the administrative outcome flowed from such bias" (*Matter of Khan v New York State Dept. of Health*, 17 AD3d 938, 939 [2005]; *see Matter of Maglione v New York State Dept. of Health*, 9 AD3d at 523). Here, the record shows that members of the Hearing Committee sympathized with the first witness's unease in testifying about sexual contact, that one member socialized with an investigator over coffee and that the Hearing Committee chair had an ex parte, e-mail communication regarding scheduling with the prosecutor. The record, however, also shows that when these events were brought to the Hearing Committee's attention, its chair acknowledged the appearance of impropriety, admonished the members, and found that the contacts with the prosecuting staff did not reflect partiality. Nor can it be said that sympathy for the patients or the prosecutor affected the Hearing Committee's determination because it rejected the testimony of the first witness and did not sustain most of the charges against petitioner (*see Matter of Khan v New York State Dept. of Health*, 17 AD3d at 939-940).

We are also unpersuaded that the penalty of license revocation imposed here is so disproportionate to petitioner's conduct as to shock one's sense of fairness. Repeated, improper sexual contact by a physician with patients is "a violation of [their] fundamental trust in a doctor for which revocation is the appropriate penalty" (*Matter of D'Angelo v State Bd. for Professional Med. Conduct*, 66 AD3d 1154, 1157 [2009] [internal quotation marks and citation omitted]; *see Matter of Lombardo v DeBuono*, 233 AD2d 789, 793 [1996]).

We have considered petitioner's remaining contentions and found them to be equally meritless.

Mercure, J.P., Spain, Kane and Garry, JJ., concur. Adjudged

that the determination is confirmed, without costs, and petition dismissed.