■ In the Matter of JOSE M. POULOSE, Petitioner, v NIRAV R. SHAH, as Commissioner of Health, et al., Respondents. [946 NYS2d 695]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, among other things, revoked petitioner's license to practice medicine in New York.

Petitioner pleaded guilty to attempted disseminating indecent material to minors in the first degree, a class E felony and, as a result, he was charged with professional misconduct (*see* Education Law § 6530 [9] [a] [i]). A Hearing Committee of the State Board for Professional Medical Conduct sustained the charge and imposed a penalty including, among other things, a five-year requirement that petitioner practice medicine only in the presence of an approved on-site practice monitor with no personal, family or professional relationship to petitioner who would act as a full-time chaperone for his practice. Both petitioner and the Bureau for Professional Medical Conduct sought review by the Administrative Review Board for Profes-

sional Medical Conduct (hereinafter ARB). Although the ARB affirmed the Hearing Committee's finding of professional misconduct, it unanimously voted to overturn the penalty and, instead, revoked petitioner's license to practice medicine (*see* Public Health Law § 230-a [4]). Petitioner then commenced this proceeding seeking to annul the ARB's determination.

Where, as here, the Hearing Committee's determination is reviewed by the ARB, our review is limited to whether the ARB's determination was arbitrary and capricious, affected by an error of law or an abuse of discretion (*see Matter of Arnett v New York State Dept. of Health*, 69 AD3d 1001, 1002 [2010], *lv denied* 14 NY3d 707 [2010]; *Matter of Sidoti v State Bd. for Professional Med. Conduct*, 55 AD3d 1162, 1164 [2008]; *Matter of Kosich v New York State Dept. of Health*, 49 AD3d 980, 984 [2008], *appeal dismissed* 10 NY3d 950 [2008]). We will not disturb the ARB's determination if it has a rational basis and factual support in the record (*see Matter of Roumi v State Bd. for Professional Med. Conduct*, 89 AD3d 1170, 1172 [2011]; *Matter of Arnett v New York State Dept. of Health*, 69 AD3d at 1002).

Our review of the record fully supports the ARB's conclusions regarding petitioner's misconduct. Petitioner admitted that, as part of his Internet chat room activities, he adopted the screen name "pleasure man for you" and had a sexually explicit online conversation with a person he believed to be a 14-year-old girl. He then sent her a pornographic video clip, arranged to meet her for the purpose of having sex with her and went to the meeting place with condoms in his pocket, only to find a police sting operation waiting for him. Petitioner admitted that he also viewed pornography without his wife's knowledge and had attempted to make physical contact with others he had met in chat rooms on at least two prior occasions. To the extent that petitioner tried to mitigate his conduct by testifying to his doubts about the purported 14-year-old's age or whether he would have gone through with his intention to have sex with her, the ARB discounted that testimony and we will not disturb its credibility determination (*see Matter of Roumi v State Bd. for Professional Med. Conduct*, 89 AD3d at 1173; *Matter of D'Souza v New York State Dept. of Health*, 68 AD3d 1562, 1563 [2009]). Nor is there any indication that the ARB ignored the expert testimony presented by petitioner. Rather, the weight afforded the expert's testimony is solely within the province of the ARB (*see Matter of Brigham v DeBuono*, 228 AD2d 870, 874 [1996], *lv denied* 89 NY2d 801 [1996]), and it did not abuse its discretion by placing greater weight on the expert's testimony that there was no guarantee that petitioner would not engage in similar misconduct in the future.

Finally, the ARB is empowered to impose a more severe sanction than that imposed by the Hearing Committee, and the penalty will be upheld unless it is " 'so disproportionate to the offense that it is shocking to one's sense of fairness' " (*Matter of Shapiro v Administrative Review Bd. of the State Bd. for Professional Med. Conduct*, 71 AD3d 1241, 1243 [2010], quoting *Matter of Cohen v New York State Dept. of Health*, 65 AD3d 791, 793 [2009]; *see Matter of Roumi v State Bd. for Professional Med. Conduct*, 89 AD3d at 1173). Here, the ARB's determination that license revocation was the appropriate penalty rested, in part, on its conclusion that the unusual restrictions imposed on petitioner's practice by the Hearing Committee demonstrated little or no trust in his claims of remorse and that he posed a low risk for repeating his misconduct. Based on the nature of the actions involved in the misconduct and all of the surrounding facts and circumstances, we will not disturb the ARB's determination that petitioner is morally unfit to practice medicine (*see Matter of Arnett v New York State Dept. of Health*, 69 AD3d at 1004-1005; *Matter of Aptaker v Administrative Review Bd. for Professional Med. Conduct*, 60 AD3d 1160, 1164 [2009], *lv denied* 12 NY3d 713 [2009]).

Mercure, J.P., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.