Garry, J.
Petitioner, a physician licensed to practice medicine in New York, was charged by the Bureau of Professional Medical Conduct (hereinafter BPMC) with seven specifications of professional misconduct arising out of unsanitary conditions and other deficiencies allegedly discovered during inspections of his medical office. Following a hearing, a Hearing Committee of the State Board for Professional Medical Conduct sustained the first specification, which charged petitioner with failure to use scientifically accepted infection control practices (see Education Law § 6530 [47]; Public Health Law § 230-a [infection control standards]), and found that the remaining charges were not sustained by the evidence. The Committee suspended petitioner’s medical license until he demonstrated compliance with certain remediation measures. Upon review at the request of BPMC, respondent affirmed the determination sustaining the first specification and declined to sustain any of the remaining specifications. Respondent also affirmed the penalty of suspension of petitioner’s license pending his compliance with the specified conditions, but imposed the further requirement of a three-year probationary term thereafter, during which his practice would be monitored. Petitioner commenced this proceeding seeking to annul respondent’s determination.
As to the finding of professional misconduct, “[o]ur review of [respondent’s] determination is limited to ascertaining whether it was arbitrary and capricious, affected by error of law or an abuse of discretion” (Matter of Wieder v New York State Dept. of Health, 77 AD3d 1207, 1208 [2010] [internal quotation marks and citations omitted]; see Matter of Roumi v State Bd. for Professional Med. Conduct, 89 AD3d 1170, 1171-1172 [2011]). At the hearing, a nurse investigator who was qualified as an expert in infection control testified in detail regarding his inspection of petitioner’s medical office, which revealed multiple incidents of the use of improper materials and procedures in cleaning and disinfecting medical equipment, improper storage of devices in a manner that risked recontamination, and other failures to comply with scientifically accepted infection control practices. A second nurse investigator described her observations of the presence of expired medications in petitioner’s office, improper storage of various items and use of inappropriate *970 solvents to clean medical instruments. The credibility of these witnesses and the weight to be accorded to the expert testimony were for respondent to resolve (see Matter of Poulose v Shah, 96 AD3d 1205, 1206 [2012], appeal dismissed 19 NY3d 1015 [2012]; Matter of D’Souza v New York State Dept. of Health, 68 AD3d 1562, 1563 [2009]).
Moreover, contrary to petitioner’s claim, an adverse inference is properly drawn where, as here, a physician charged with professional misconduct does not testify or offer evidence on his or her own behalf (see Matter of Kosich v New York State Dept. of Health, 49 AD3d 980, 984 [2008], appeal dismissed 10 NY3d 950 [2008]; Matter of Youssef v State Bd. for Professional Med. Conduct, 6 AD3d 824, 826 [2004]). This Court may not address arguments that petitioner raises for the first time before us, nor may we review his documentary submissions that were not part of the administrative record (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Aptaker v Administrative Review Bd. for Professional Med. Conduct, 60 AD3d 1160, 1162 [2009], lv denied 12 NY3d 713 [2009]).* As respondent’s determination “is supported by record facts and has a rational basis,” it will not be disturbed (Matter of Fodera v Daines, 85 AD3d 1452, 1453 [2011], lv denied 17 NY3d 714 [2011]).
Petitioner next contends that the three-year probationary term imposed by respondent in addition to the suspension of his license is an excessive penalty. We note that respondent is authorized to impose a harsher penalty than that required by the Committee, and the established standard is that the penalty will not be modified or annulled unless “it is so disproportionate to the offense that it is shocking to one’s sense of fairness” (Matter of Rigle v Daines, 78 AD3d 1249, 1253 [2010], appeal dismissed 16 NY3d 825 [2011] [internal quotation marks and citation omitted]; see Matter of Poulose v Shah, 96 AD3d at 1207). In imposing the additional penalty, respondent noted the concern that suspension alone was inadequate to protect the public in view of the absence of record evidence that petitioner understood the need for correction — a concern borne out by petitioner’s contention in his brief that some of his practices should be accepted as innovations, rather than requiring “slav *971 ish adherence” to established guidelines. Contrary to petitioner’s further claim, the one-year time limitation upon monitoring periods set out in Public Health Law § 230 (17) (c) is inapplicable where, as here, probation is imposed pursuant to a determination of professional misconduct (see Public Health Law § 230 [18]). Accordingly, the penalty will not be disturbed (see Matter of Maglione v New York State Dept. of Health, 9 AD3d 522, 525 [2004]; compare Matter of Ruggiero v State of N.Y. Dept. of Health, 228 AD2d 739, 740 [1996]).
Rose, J.P., Lahtinen and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 To the extent that petitioner suggests that he was improperly prevented from testifying by his counsel or otherwise did not receive meaningful representation, we note that these claims were not raised at the administrative level, nor does the right to effective assistance of counsel generally extend to these administrative proceedings (see Matter of Rattray v Novello, 46 AD3d 953, 954 [2007]; Matter of Alexander v State Bd. for Professional Med. Conduct, 287 AD2d 918, 919 [2001]).