*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                    517220
_____

In the Matter of ROBERT V.
    CATTANI,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

NIRAV R. SHAH, as Commissioner
    of Health, et al.,
                    Respondents.
_____

Calendar Date:  October 14, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

_____

        Costello, Shea & Gaffney, LLP, New York City (Michael J.
Morris of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, New York City (Todd
A. Spiegelman of counsel), for respondents.

_____

Rose, J.

        Proceeding pursuant to CPLR article 78 (initiated in this
Court pursuant to Public Health Law § 230-c [5]) to review a
determination of respondent Administrative Review Board for
Professional Medical Conduct which revoked petitioner's license
to practice medicine in New York.

        Respondent Hearing Committee of the State Board for
Professional Medical Conduct sustained 10 charges of professional
misconduct against petitioner, a physician specializing in
cosmetic surgery.  The charges include gross negligence,
incompetence and failing to maintain proper records, all largely
stemming from petitioner's postoperative treatment of four

patients.  Upon petitioner's application for review of the Hearing Committee's determination, respondent Administrative Review Board for Professional Medical Conduct (hereinafter ARB) sustained the charges and revoked his license to practice medicine.  Petitioner then commenced this CPLR article 78 proceeding to annul the ARB's determination.

Where, as here, the Hearing Committee's determination is reviewed by the ARB, our own review "is limited to whether the [ARB's determination was] arbitrary and capricious, affected by an error of law or an abuse of discretion" (Matter of D'Souza v New York State Dept. of Health, 68 AD3d 1562, 1563 [2009] [internal quotation marks and citations omitted]; accord Matter of Poulose v Shah, 96 AD3d 1205, 1206 [2012], appeal dismissed 19 NY3d 1015 [2012]; see Matter of Roumi v State Bd. for Professional Med. Conduct, 89 AD3d 1170, 1171-1172 [2011]).  "We will not disturb the ARB's determination if it has a rational basis and factual support in the record" (Matter of Poulose v Shah, 96 AD3d at 1206 [citations omitted]).  Resolution of issues of credibility and the weighing of testimony, expert or otherwise, is solely within the province of the ARB (see Matter of Sarro v State of N.Y. Dept. of Health Admin. Review Bd. for Professional Med. Conduct, 113 AD3d 968, 970 [2014]; Matter of Mehulic v State Bd. for Professional Med. Conduct, 107 AD3d 1066, 1068 [2013], appeal dismissed 22 NY3d 911 [2013]; Matter of Rigle v Daines, 78 AD3d 1249, 1252 [2010], appeal dismissed 16 NY3d 825 [2011]).

Guided by those precepts, we cannot agree with petitioner's contentions that the ARB misread the record and that the charges against him are not sustained by the evidence.  The Bureau of Professional Medical Conduct (hereinafter BPMC) presented evidence that petitioner made egregious errors in judgment by failing to properly screen patient A to determine if he was an appropriate candidate for surgery and failing to properly address the serious complications of bleeding and hypovolemic shock that occurred after the procedure.  The direct result was that patient A experienced renal failure, nearly died and had to endure a lengthy hospital stay.  BPMC also presented evidence that petitioner caused and then failed to properly address an abdominal fistula in patient B, again endangering the patient's

life and resulting in both a lengthy hospital stay and continuing painful complications. With respect to patient C, the credited factual and expert testimony established that petitioner failed to determine whether the patient's vision was intact prior to releasing her following surgery on her eyelids. As a direct result, the patient lost vision in her right eye. Petitioner's claim, that he checked the patient's vision and that she never experienced a retrobular hematoma, was rejected as false. As for patient D, the credited evidence established that petitioner failed to take appropriate steps to address a serious infection when confronted with the patient's complaints of excruciating pain following breast augmentation surgery.

In sustaining the charges, the ARB relied, in part, on the Hearing Committee's conclusion that petitioner had fabricated his medical records and testified falsely in the interest of self-preservation. Our review of this record reveals no basis for disturbing these credibility determinations. Accordingly, we find that the ARB's conclusions have factual support in the record and we will not disturb its determination sustaining the charges against petitioner (see Matter of Mehulic v State Bd. for Professional Med. Conduct, 107 AD3d at 1068; Matter of Poulose v Shah, 96 AD3d at 1206; Matter of Sidoti v State Bd. for Professional Med. Conduct, 55 AD3d 1162, 1164-1166 [2008]).

Our review of the ARB's penalty determination "is generally limited to whether it is so disproportionate to the offense that it shocks one's sense of fairness" (Matter of Huang v Administrative Review Bd. for Professional Med. Conduct, 114 AD3d 1103, 1105 [2014] [internal quotation marks and citation omitted]; see Matter of Mehulic v State Bd. for Professional Med. Conduct, 107 AD3d at 1068; Matter of Singh v New York State Dept. of Health Bd. of Professional Med. Conduct, 74 AD3d 1391, 1393 [2010]). Here, the ARB considered lesser penalties, but determined that revocation was appropriate in view of the evidence of petitioner's inability to appropriately respond to emergencies and postoperative complications. Given the ARB's determination that petitioner's gross negligence and incompetence seriously endangered his patients, and that he had fabricated his records and testified falsely, we do not view the penalty of revocation as shocking to one's sense of fairness. We have

considered petitioner's remaining contentions and determined them to be without merit.

Peters, P.J., Stein, Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court