*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                    517885
_____

In the Matter of JOSEPH
    BARGELLINI,
                        Petitioner,

        v                                          MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    HEALTH et al.,
                        Respondents.
_____

Calendar Date:  April 22, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Clark, JJ.

_____

        Kilgannon & Kilgannon, LLP, Mineola (Timothy Kilgannon of
counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, New York City (Todd
Spiegelman of counsel), for respondents.

_____

Lynch, J.

        Proceeding pursuant to CPLR article 78 (initiated in this
Court pursuant to Public Health Law § 230-c [5]) to review a
determination of the Administrative Review Board for Professional
Medical Conduct which, among other things, suspended petitioner's
license to pratice medicine in New York.

        Petitioner, a licensed psychiatrist, was charged by the
Bureau of Professional Medical Conduct (hereinafter BPMC) with
eight specifications of professional misconduct as defined by
Education Law § 6530.  As relevant herein, the charges resulted
from certain statements that petitioner made while treating a
patient and from his failure to report on a job application that

he had been terminated from jobs that he held with two other medical facilities. After conducting a hearing, the Hearing Committee of the State Board for Professional Medical Conduct determined that petitioner was guilty of six of the eight specifications of misconduct and, among other things, issued a stayed suspension of petitioner's license to practice medicine for three years and instituted a practice monitor to supervise his work during the suspension period. Both petitioner and the BPMC sought review by the Administrative Review Board for Professional Medical Conduct (hereinafter ARB). The ARB affirmed the findings with regard to five of the six charges of professional misconduct under review and did not disturb the penalty imposed. Petitioner commenced this CPLR article 78 proceeding in this Court pursuant to Public Health Law § 230-c (5) to review the ARB's determination.

Our review of an ARB determination "is limited to whether the [determination was] arbitrary and capricious, affected by an error of law or an abuse of discretion" (Matter of Cattani v Shah, 122 AD3d 1099, 1099 [2014] [internal quotation marks and citation omitted]). Accordingly, the ARB's determination is entitled to deference provided that it is rationally based and factually supported by the record (see id.; Matter of Poulose v Shah, 96 AD3d 1205, 1206 [2012], appeal dismissed 19 NY3d 1015 [2012]). During the two-day hearing, petitioner's former patient testified that, after petitioner asked her about a certain medication she was taking, he repeatedly questioned her about her sexual activity. The patient testified that she was confused, upset and "taken [a]back" by petitioner's questions because she had been referred to him only for treatment of her gambling addiction. The patient's testimony was not controverted and the Hearing Committee determined that the patient was credible. Upon our review of the record, and noting that credibility determinations "are solely within the province of the administrative factfinder" (Matter of Roumi v State Bd. for Professional Med. Conduct, 89 AD3d 1170, 1173 [2011]), we find that the ARB's determination to uphold the misconduct charge based on petitioner "[w]illfully harassing, abusing, or intimidating a patient . . . verbally" (Education Law § 6530 [31]) was rationally based and supported by the facts in the record (see Matter of Mehulic v State Bd. for Professional Med.

Conduct, 107 AD3d 1066, 1068 [2013], appeal dismissed 22 NY3d 911 [2013]; Matter of Roumi v State Bd. for Professional Med. Conduct, 89 AD3d at 1173).

We also reject petitioner's challenges to the misconduct findings involving the 2009 employment application. Initially, we find no merit in petitioner's claim that neither the Hearing Committee nor the ARB should have considered the employment records submitted during the prehearing conference or the transcript of the prehearing conference. In general, the ARB is authorized to "review . . . the record of the hearing [before the Hearing Committee] and submitted briefs only" (Public Health Law § 230-c [4] [a]). The Administrative Law Judge (hereinafter ALJ) who presided over petitioner's hearing was authorized to and did conduct a prehearing conference "to consider matters which may simplify the issues or expedite the proceeding" (10 NYCRR 51.9 [c] [9]). The record in an adjudicatory proceeding necessarily includes all of the ALJ's intermediate rulings and evidence presented (see State Administrative Procedure Act § 302 [1] [a], [b]), as well as "questions and offers of proof, objections thereto, and rulings thereon" (State Administrative Procedure Act § 302 [1] [d]). As such, the record necessarily included the transcript of the prehearing conference which, among other things, documented the ALJ's rulings that petitioner's employment records were acceptable evidence. Once accepted, the evidence was necessarily included and considered as part of the administrative record (see State Administrative Procedure Act § 306 [a]; 10 NYCRR 51.11 [d] [5]; [e]).

Petitioner's argument that the BPMC did not lay a proper foundation for the admission of the certified employment records is without merit because the ALJ was not bound by the formal rules of evidence (see State Administrative Procedure Act § 306 [1]; 10 NYCRR 51.11 [d] [2]; Matter of D'Souza v New York State Dept. of Health, 68 AD3d 1562, 1563 [2009]). Further, based on our review of the record, the ALJ's consideration of the employment records did not constitute a due process violation. Rather, it is apparent that petitioner was given notice of the hearing and of the evidence to be presented, and he had an opportunity at the prehearing conference and during the hearing to present evidence and testimony on his behalf (see Matter of

Rigle v Daines, 78 AD3d 1249, 1251 [2010], appeal dismissed 16 NY3d 825 [2011]).

Contrary to petitioner's arguments, we find that the record supports the ARB's conclusions that petitioner engaged in professional misconduct because he failed to report on a job application that he had lost the privilege to practice at two different medical facilities (see Education Law § 6530 [14]), willfully made a false report (see Education Law § 6530 [21]) and engaged in fraudulent practice (see Education Law § 6530 [2]), and that such conduct evidenced "moral unfitness to practice medicine" (Education Law § 6530 [20]). In general, a physician may be guilty of fraud where the evidence demonstrates, "an intentional misrepresentation or concealment of a known fact and the intent or knowledge element may be inferred from the surrounding circumstances" (Matter of Ostad v New York State Dept. of Health, 40 AD3d 1251, 1253 [2007] [internal quotation marks, brackets and citation omitted]). Such a charge may be sustained where, as here, the misrepresentation is made on an employment application (see e.g. Matter of Aptaker v Administrative Review Bd. for Professional Med. Conduct, 60 AD3d 1160, 1163 [2009], lv denied 12 NY3d 713 [2009]). The BPMC was not required to present evidence that the misrepresentation or concealment caused injury to a party or patient or that the conduct benefitted petitioner (see Matter of Patin v State Bd. for Professional Med. Conduct, 77 AD3d 1211, 1214 [2010]; Matter of Youssef v State Bd. for Professional Med. Conduct, 6 AD3d 824, 826 [2004]. Here, the evidence indicated that petitioner failed to report on an employment application that he had been terminated from two different medical positions. Given such evidence, the Hearing Committee and ARB were permitted to draw an adverse inference from petitioner's decision not to testify on his own behalf at the hearing (see Matter of Kleinplatz v Novello, 14 AD3d 946, 948 [2005]; Matter of Youssef v State Bd. for Professional Med. Conduct, 6 AD3d at 826). In our view, the ARB's findings with regard to the specified charges of professional misconduct based on the employment application were rationally supported by the facts in the record (see Matter of Patin v State Bd. for Professional Med. Conduct, 77 AD3d at 1215; Matter of Aptaker v Administrative Review Bd. for Professional Med. Conduct, 60 AD3d at 1163).

To the extent that petitioner challenges the penalty imposed, we find no error.  Our review is limited to determining whether the penalty issued by the ARB is "so disproportionate to the offense that it shocks one's sense of fairness" (Matter of Cattani v Shah, 122 AD3d at 1100).  Here, the ARB considered the gravity of petitioner's conduct, but noted that, with regard to his patient, the objectionable conduct was limited to verbal, not physical, harassment.  Under the circumstances, we are unable to conclude that the penalty imposed, including the continuing education requirements and practice monitor, was shocking to one's sense of fairness.

We have considered petitioner's remaining arguments and, to the extent that they are preserved for our review, find them to be without merit.

Lahtinen, J.P., Garry and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court