■ In the Matter of CHERYL ACKERMAN, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [64 NYS3d 370]—

Egan Jr., J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct, which, among other things, placed petitioner on three years of probation.

Petitioner, an internist and board-certified dermatologist, was licensed to practice medicine in New York in 1987. In 2011, the New Jersey Board of Medical Examiners (hereinafter the New Jersey Board) commenced an investigation against petitioner after receiving complaints regarding, among other things, her mental health status and professional conduct. Thereafter, petitioner entered into a Private Letter Agreement with the New Jersey Board that permitted her to continue practicing medicine so long as she complied with the terms of the agreement, which required, among other things, that she continue her enrollment in the New Jersey Professional Assistance Program (hereinafter PAP), continue mental health treatment and submit to an independent psychiatric examination. The Private Letter Agreement further provided that, should petitioner fail to comply with the terms thereof, her medical license would be subject to an automatic suspension. After petitioner failed to provide the requisite psychiatric reports to PAP and refused to obtain an independent psychiatric evaluation, in February 2012, the New Jersey Board issued an order of automatic suspension. Petitioner thereafter submitted several applications seeking to have her medical license reinstated; however, her applications were repeatedly denied based upon, among other things, her continued failure to abide by the terms of the Private Letter Agreement. Ultimately, in November 2015, petitioner entered into a consent order with the New Jersey Board reinstating her medical license on the condition that she, among other things, continue receiving mental health treatment and remain employed by a physician approved by the New Jersey Board.

In May 2015, the Bureau of Professional Medical Conduct (hereinafter BPMC) commenced a direct referral proceeding (see Public Health Law § 230 [10] [p]) based upon petitioner having committed acts in New Jersey which, if committed in New York, would constitute professional misconduct (see Education Law § 6530 [7], [8], [15], [21], [29]). In November 2015, BPMC filed an amended statement of charges—alleging one specification of misconduct—based upon the disciplinary action

taken in New Jersey (*see* Education Law § 6530 [9] [d]).[1] Following a hearing, the Hearing Committee of the State Board for Professional Medical Conduct sustained the charge and, among other things, imposed a three-year stayed suspension of petitioner's license to practice medicine, placed her on probation for a period of three years and required her to provide 90 days' notice should she decide to return to the practice of medicine in New York.[2] On administrative appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) confirmed the Hearing Committee's determination and imposition of a three-year period of probation, but overturned petitioner's stayed suspension, finding probation and practice supervision to be sufficient. Petitioner thereafter commenced this CPLR article 78 proceeding (*see* Public Health Law § 230-c [5]) seeking to annul the ARB's determination.

This Court's "review of an ARB determination is limited to [ascertaining] whether the determination was arbitrary and capricious, affected by an error of law or an abuse of discretion" (*Matter of Bargellini v New York State Dept. of Health*, 129 AD3d 1226, 1227 [2015] [internal quotation marks, brackets and citations omitted], *lv denied* 26 NY3d 905 [2015]; *see Matter of Lakner v New York State Dept. of Health*, 72 AD3d 1225, 1226 [2010], *lv denied* 15 NY3d 704 [2010]; *Matter of Sidoti v State Bd. for Professional Med. Conduct*, 55 AD3d 1162, 1164 [2008]).[3] Here, the evidence introduced regarding the New Jersey disciplinary proceeding, including the Private Letter Agreement, the February 2012 order of automatic suspension and the November 2015 consent order, demonstrated that petitioner failed to comply with the conditions set forth therein, including failing to, among other things, file psychiatric reports and engage in an independent psychiatric evaluation. When coupled with the report of Mijail Serruya, which indicated that petitioner suffered from various mental disabilities while she had been practicing medicine, we find the evidence sufficiently demonstrates that petitioner committed professional misconduct in New Jersey warranting reciprocal

---

**1.** The amended statement of charges removed reference to petitioner's alleged violation of Education Law § 6530 (8).

**2.** The Hearing Committee rejected the charge that petitioner had violated Education Law § 6530 (15) because the Private Letter Agreement filed with the New Jersey Board did not constitute a public record.

**3.** To the extent that petitioner challenges the findings of the Hearing Committee, we find such review is precluded since petitioner sought review of the Hearing Committee's decision from the ARB (*see Matter of Hason v Department of Health*, 295 AD2d 818, 822 [2002]; *Matter of Weg v DeBuono*, 269 AD2d 683, 685-686 [2000], *lv denied* 94 NY2d 764 [2000]).

discipline in New York (*see* Education Law § 6530 [7]; [9] [d]; [21], [29]) and, therefore, the ARB's determination had a rational basis and was factually supported by the record (*see Matter of Bargellini v New York State Dept. of Health*, 129 AD3d at 1227; *Matter of Cattani v Shah*, 122 AD3d 1099, 1099 [2014]).

Next, we find without merit petitioner's contention that she was denied a fair hearing as a result of the refusal of the Hearing Committee and the ARB to consider certain evidence— namely, a letter from an attorney indicating that petitioner's counsel in the New Jersey disciplinary proceeding had purportedly committed legal malpractice and a 2014 order from New Jersey Superior Court concluding that petitioner was deprived of due process in the New Jersey proceedings. In administrative proceedings, "the requirements of due process are not as exacting" and "[c]onsiderable leeway regarding the rules of evidence is permitted" (*Matter of Rigle v Daines*, 78 AD3d 1249, 1250 [2010], *appeal dismissed* 16 NY3d 825 [2011]). Significantly, in referral proceedings, the evidence proffered to the Hearing Committee is "strictly limited to evidence and testimony relating to the nature and severity of the penalty to be imposed upon the licensee" (Public Health Law § 230 [10] [p]; *see Matter of Bursztyn v Novello*, 42 AD3d 596, 598 [2007]), and "[d]ue process does not require that [petitioner] additionally be afforded the opportunity to litigate the merits of the [out-of-state] charges" (*Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d 133, 141 [2005]; *see Matter of Hason v Department of Health*, 295 AD2d at 822). The evidence that petitioner sought to introduce was properly excluded because it was irrelevant to the nature and severity of the penalty to be imposed and, instead, constituted an attempt to relitigate the circumstances underlying the New Jersey Board's consent order (*see Matter of Lakner v New York State Dept. of Health*, 72 AD3d at 1227). In any event, even assuming that said evidentiary rulings were improper, in light of the other credible evidence establishing petitioner's misconduct, such errors were harmless as they failed to " 'infect the entire proceeding with unfairness' " (*Matter of Morfesis v Sobol*, 172 AD2d 897, 897 [1991], *lv denied* 78 NY2d 856 [1991], quoting *Matter of Ackerman v Ambach*, 142 AD2d 842, 845 [1988], *affd* 73 NY2d 323 [1989]; *accord Matter of Sundaram v Novello*, 53 AD3d 804, 806 [2008], *lv denied* 11 NY3d 708 [2008]).

With regard to the penalty imposed by the ARB, this Court's review "is generally limited to whether [the penalty] is so disproportionate to the offense that it shocks one's sense of

fairness" (*Matter of Cattani v Shah*, 122 AD3d at 1100 [internal quotation marks and citation omitted]; *see Matter of Mehulic v State Bd. for Professional Med. Conduct*, 107 AD3d 1066, 1068 [2013], *appeal dismissed* 22 NY3d 911 [2013]). Based on petitioner's misconduct, including, among other things, her repeated failure to abide by the conditions imposed by the New Jersey Board and her inability and/or unwillingness to accept responsibility for such failures, we find that the ARB's imposition of a three-year period of probation was entirely reasonable under the circumstances and was not so disproportionate as to shock one's sense of fairness (*see Matter of Casamassima v New York State Dept. of Health, Admin. Review Bd. for Professional Med. Conduct*, 135 AD3d 1200, 1201 [2016], *lv denied* 27 NY3d 912 [2016]). Nor do we find that petitioner submitted any credible evidence to support her allegation that the imposition of such discipline was otherwise the result of bias (*cf. Matter of Maglione v New York State Dept. of Health*, 9 AD3d 522, 523-524 [2004]).

Petitioner's remaining arguments have been considered and found to be without merit.

Lynch, Rose and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.