Matter of Ogundu v State of N.Y. Dept. of Health, State Bd. for Professional Med. Conduct (2020 NY Slip Op 06986)





Matter of Ogundu v State of N.Y. Dept. of Health, State Bd. for Professional Med. Conduct


2020 NY Slip Op 06986


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

528744

[*1]In the Matter of Dorothy Ogundu, Petitioner,
v
State of New York Department of Health, State Board for Professional Medical Conduct, Respondent.

Calendar Date: October 16, 2020

Before: Lynch, J.P., Mulvey, Devine, Pritzker and Colangelo, JJ.


Dorothy Ogundu, Holliswood, petitioner pro se.
Letitia James, Attorney General, New York City (James M. Hershler of counsel), for respondent.



Devine, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Queens County) to review a determination of the Administrative Review Board for Professional Medical Conduct revoking petitioner's license to practice medicine in New York.
Petitioner, a licensed physician, was charged in an indictment with numerous offenses arising from an alleged scheme to defraud local, state and federal governments of grant monies awarded to her not-for-profit corporation. A jury trial ended with petitioner being found guilty of 29 counts, all felonies (People v Ogundu, 166 AD3d 656 [2018], lv denied 32 NY3d 1208 [2019]), after which the Commissioner of Health summarily ordered her to cease practicing medicine in New York (see Public Health Law § 230 [12] [b]). The Bureau of Professional Medical Conduct simultaneously commenced a direct referral proceeding charging professional misconduct based upon the convictions (see Education Law § 6530 [9] [a] [i]; Public Health Law § 230 [10] [p]). A Hearing Committee of respondent sustained the charge and, among other things, suspended petitioner's medical license for one year and placed her on three years of probation. Upon the cross appeals of the Bureau and petitioner, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) overturned the Hearing Committee's penalty and revoked petitioner's license to practice medicine. Petitioner commenced this proceeding in Supreme Court seeking to annul the Commissioner's summary order and the ARB's determination. Supreme Court denied respondent's cross motion to dismiss the proceeding and, observing that the only issues appropriately raised by petitioner were those involving the ARB determination, transferred the matter to this Court (see Public Health Law § 230-c [5]).
The Commissioner's summary order expired as a result of the determination issued by the Hearing Committee and modified by the ARB (see Public Health Law § 230 [12] [b]; Matter of Wootan v Axelrod, 60 NY2d 353, 360 [1983]), and we agree with Supreme Court that petitioner's contentions regarding that order are moot (see Matter of Flores v New York State Educ. Dept., 146 AD2d 881, 882 [1989]). The extent to which petitioner attempts to challenge the determination of the Hearing Committee, as opposed to the ultimate determination of the ARB, is unclear. In any event, inasmuch as petitioner appealed the Hearing Committee's determination to the ARB, our review is limited to assessing "whether the ARB's determination was arbitrary and capricious, affected by error of law or an abuse of discretion" (Matter of Arnett v New York State Dept. of Health, 69 AD3d 1001, 1002 [2010] [internal quotation marks, brackets and citations omitted], lv denied 14 NY3d 707 [2010]; see Matter of Gutierrez v New York State Bd. for Professional Med. Conduct, 170 AD3d 1342, 1343 [2019]). The ARB's determination will be upheld so long as there is a rational basis and factual support for it (see Matter of Gutierrez v New York State Bd. for Professional Med. Conduct, 170 AD3d at 1343; Matter of St. Hill v New York State Bd. for Professional Med. Conduct, 166 AD3d 1092, 1093 [2018]).
Petitioner first argues that respondent, through the Office of Professional Medical Conduct, was obliged to offer her the opportunity to be interviewed during the investigatory process, but she is incorrect. A licensee must be offered an investigatory interview in cases where respondent has looked into a licensee's suspected professional misconduct and "referred [the matter] to an investigation committee" for further review (Public Health Law § 230 [10] [a] [iii]; see Public Health Law § 230 [10] [a] [i]). An interview need not be offered in situations like the one here, where an investigation committee was not involved and the charge, which arose from criminal convictions that constituted professional misconduct per se, was directly referred to the Hearing Committee "for an expedited hearing limited to the nature and severity of the penalty to be imposed" (Matter of Wolkoff v Chassin, 89 NY2d 250, 252 n [*2][1996]; see Education Law § 6530 [9] [a] [i]; Public Health Law § 230 [10] [p]). Further, inasmuch as an interview would do little in the context of a direct referral proceeding beyond affording petitioner an opportunity "to relitigate the circumstances underlying" the criminal convictions, she was not entitled to an interview as a matter of due process (Matter of Ackerman v New York State Dept. of Health, 155 AD3d 1138, 1141 [2017], lv denied 31 NY3d 905 [2018]; see e.g. Matter of Mitchell, 40 NY2d 153, 157 [1976]).
Petitioner next asserts that the ARB improperly rejected her attempt to invoke the protections of Correction Law article 23-A, but "Correction Law article 23-A was designed to eliminate bias against ex-offenders in obtaining employment or a license . . . and has 'no bearing on disciplinary proceedings against persons already licensed'" (Matter of Baman v State of New York, 85 AD3d 1400, 1401 [2011], quoting Matter of Mosner v Ambach, 66 AD2d 912, 912 [1978] [internal citation omitted]; see Correction Law § 751; Matter of Pietranico v Ambach, 82 AD2d 625, 626 [1981], affd 55 NY2d 861 [1982]). Similarly, petitioner's receipt of a certificate of relief from disabilities arising from her convictions did not "in any way prevent" the ARB from exercising "its discretionary power to" revoke her medical license (Correction Law § 701 [3]; see Matter of Pietranico v Ambach, 82 AD2d at 626).
As for the penalty imposed by the ARB, petitioner's convictions arose out of her misappropriating hundreds of thousands of dollars from federal, state and city grant programs over several years, behavior that she continues to downplay and for which she expresses little remorse. Petitioner notes that her conduct did not directly harm any patient, and the record contains evidence of the beneficial services that she had provided to the community. Even with facts that might justify a more lenient penalty, however, we cannot say that the revocation of petitioner's medical license for the lack of integrity revealed by her betrayal of the public trust was "so disproportionate to the offense that it shocks one's sense of fairness" (Matter of Huang v Administrative Review Bd. for Professional Med. Conduct, 114 AD3d 1103, 1105 [2014] [internal quotation marks and citation omitted]; see Matter of Epelboym v Board of Regents of the State of N.Y., 174 AD3d 1182, 1183-1184 [2019]; Matter of Ross v New York State Dept. of Health, 226 AD2d 863, 865 [1996]). Thus, the penalty did not constitute an abuse of discretion and will not be disturbed.
Petitioner's remaining contentions, including her argument that the ARB was powerless to issue its determination beyond the 45-day period set forth in Public Health Law § 230-c (4) (a) (see Matter of Ross v New York State Dept. of Health, 226 AD2d at 865-866), have been examined and are lacking in merit.
Lynch, J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.